Thompson, !.
The case states that the erection of the hut was the only trespass attempted to be proved. The first question is, whether the matters of fact, contained in the 1st and 3d branches of the notice annexed to the plea, were relevant to the defence, and ought to have been admitted in evidence. These facts went only to support a custom in the inhabitants of New-Utrecht., and in the citizens of this state, to fish in the bay adjoining the close, and to use and occupy the shore for that purpose. I think this evidence was properly excluded, because, if admitted, the facts did not amount'to a- justification of the trespass in erecting the hut. A right to fish in any water, gives no power ever the land. (Ipswich v. Brown, Saville, 11. 3 Term, 256.) Nor will prescription, in any case give a right to erect a building on another’s land. This is a mark of title and of exclusive enjoyment, and it cannot be acquired by prescription; Title t,o land requires *362 the higher evidence of corporeal seisin, and inheritance. Prescription applies only to incorporeal hereditaments, and whether the right claimed be considered as strictly a custom, or prescription, the principle is the same; the, only material distinction between them is, that one is cal and the other personal in its nature.. Coke Litt. 113. 1. 2 Black. Com. 263, 264.)
The patent under which the plaintiff claims is described as stretching along the bay, and the rule of the common law carries it down to ordinary high-water mark.— This is the settled rule, as appears from Lord Male’s Treatise de Jure Maris. (Hargrave’s Law Tracts, 12.) The doctrine of the civil law is, therefore, not our rule, and the direction to the jury, in this respect, was correct.-— The patents introduced by the defendant gave no right of fishing, except what was comprehended within the bounds of those.patents. There cannot be any real pretence for an authority under them, to encroach on adjoin-: ing patents. The usage offered to be proved was inadmissible, as a rule for the construction of those patents, because, when the language of a deed admits of but one construction, and is clear and pertinent, it cannot be con-' trolled by any different exposition to be. derived from the practice under it. The defendant must derive the right he sets up, either from the patent itself, or from usage ; and if from the latter, it must be specially pleaded, or stated as a ground of defence in the notice. The defence, in both these respects, totally failed, as the patents contained no colour for the right, and the usage to erect huts was not one of the matters .of defence expressed in the notice which had been given. - ,
The question as to the locus in quo being a public highway, was a matter of fact, depending on proof offered on each side, and the jury must have had it fairly subnritted to them. Their verdict is against the existence of the highway, and it appears to me to be agreeable to *363 -the weight of evidence. Even admitting the existence of the highway, the general rule here is, that the fee of a highway belongs to the owner of the adjoining ground; and that the sovereign has only a right of passage. It is a servitude, or easement, and trespass will lie for any exclusive appropriation of the soil. (1 Burr. 143. 2 Stra. 104. 1 Wils. 107. 6 East. 154.)
In every view, therefore, of this case, I am of opinion that the motion for a new trial ought to be denied.
Kent, Ch. J. was of the same opinion*
Spencek, J. not having heard the argument, gave no opinión.
Rule refused.