## Andrew Simpson *versus* Joseph Coe.

A right may be claimed and sustained by prescription in this state.

Under a prescriptive right to enter upon land and take herbage there, a party cannot justify the cutting of grass, the digging of potatoes, nor the gathering of apples.

This was an action of trespass for breaking and entering, on the 1st July, 1825, and on divers other days, between that day and the 19th October, 1826, the plaintiff's close in Durham, containing three acres, and bounded, &c. and taking and carrying away two hundred bushels of the plaintiff's apples, of the value of $50 and one hundred bushels of potatoes, of the value of $36, and cutting and carrying away the plaintiff's grass there growing, of the value of $40.

The defendant pleaded in bar that before the several times when, &c. to wit, on the 17th August, 1812, the plaintiff being seized of a certain tract of land, called the Spinney place, with certain buildings thereon in fee, by deed conveyed the same place to one Joseph Richardson in fee, and afterwards on the 13th May, 1817, the said Richardson being seized of said place in fee, by deed conveyed the same to the defendant to hold to him and his heirs forever, and that the defendant and all those whose estate he now has, at the said several times, or had and from time whereof the memory of man is not to the contrary, have had and taken and of right ought to have had and taken the herbage growing upon the close in which, &c. at all times at his and their pleasure, wherefore the defendant at the several times when, &c. entered and took the herbage there growing as he lawfully might, which are the same supposed trespasses.

To this plea the plaintiff demurred and the defendant joined in demurrer.

*J. A. Richardson,* for the plaintiff.

*Ela,* for the defendant.

RICHARDSON, C. J.   The defendant relies in his plea upon a right by prescription, to enter the *locus in quo* and do the acts of which the plaintiff complains ; and the question is, whether the prescription alleged in the bar, is, in law, an answer to the plaintiff's complaint ?

A prescription is a title, the validity of which depends upon continual and peaceable usage from time whereof the memory of man is not to the contrary.   Coke Litt. 113, *a* and *b* ; Com. Dig. "Prescription ;" 3 Bing. 61, *Elliot* v. *Hardy.*

And we entertain no doubt that a right may be claimed and sustained in this state by prescription.   2 Johns. 357, *Cortelyou* v. *Van Brundt* ; 14 Mass. Rep. 49, *Gayetty* v. *Bethune* ; 11 ditto, 533, *Cook* v. *Stearns* ; 6 ditto, 97.

The prescription alleged in this bar, is a right in the owner of the Spinney place, to enter the *locus in quo* and take the herbage at all times at his pleasure.   Does this prescription give a right to cut grass, dig potatoes, and gather apples ?   The answer to this question depends upon the true meaning of the word *herbage* ; a term, which seems to have had the quiet and uninterrupted possession of its legal meaning from the time of Bracton down to this day.

It is very apparent from several passages in Bracton, that the word *herbage*, in his day, meant feed for cattle in fields and pastures, and nothing more.   Thus in one place it is said, " *Est enim communia in eo, quod dicitur pastura de omni, quod edi poterit, vel pasci, large sumpto vocabulo, vel stricte ; large, ut si quis habeat in alieno communiam pasturæ, scilicet,* HERBAGII, *pessonæ sive glandis sive nucis et quicquid sub nomine pessonnæ continetur.*"   Bracton, 222.   Here the HERBAGIUM is manifestly used to denote a species of pasturage.   And in explaining the distinction between common and herbage, he says, " *Item communia et non herbagium ut jus falcandi herbam, &c.*   Brac. 222.   Here it is expressly declared that the right of cutting grass is not " *Herbagium.*"   And again—" *Item notandum quod sub nom-*

*ine herbagii non continetur glans, &c.   Glandis enim nomine continentur glans, castanea, fagina, ficus et nuoes et alia quaeque quae edi vel pasci poterunt preter herbam.*" Brac. 226. Here acorns, chesnuts, beach nuts, figs and the like, are said not to be herbage.

The term *vesture*, according to Lord Coke, was used to denote corn, grass, underwood and the like.   Coke Litt. 46 ; 2 Rolle's Ab. 2. The terms *Herbagium terræ* and " the herbage of woods" are mentioned by Coke, but not defined.   Co. Litt. 4, *b*.   Shepherd in his Touchstone, 97, seems to speak of the terms vesture and herbage, as having the same meaning.   But this is not the sense of the passage.   Shepherd, is enumerating the words by which particular interests, and the words by which the land itself, will pass, and he mentions grants of the vesture or herbage, as instances of grants of particular interests ; and a grant of all the profits as an instance of a grant of the land itself.   The terms vesture and herbage are coupled by Shepherd, not because they mean the same thing, but because they are words by which a particular interest will pass.

Jacob, in his dictionary says, " herbage is the green pasture and fruit of the earth provided by nature for the food or bite of cattle."   And the word seems to have been used in the same sense in 8 East, 38, *Johnson* v. *Hodgson*, which was " trespass for breaking and entering a certain close of the plaintiff, &c. and depasturing and taking the *herbage* there."

Indeed, it is very clear, that the word herbage, when used as a legal term, means now precisely what it meant in Bracton's time, and we are of opinion that a right to herbage does not include a right to cut grass, or dig potatoes, or pick apples, and that the plea in this case is insufficient.