WESTCHESTER GENERAL TERM, May, 1848.    *Strong, Mc-*
    *Coun, and Morse,* Justices.

## FERRIS *vs.* BROWN and others.

In trespass *quare clausum fregit* the defendant may, under the plea of the general
    issue, give in evidence *liberum tenementum*, or the right of possession in himself
    or those under whom he claims.   But the right of possession which may be given
    in evidence under the general issue must be general, and exclusive of any superior
    claim of the plaintiff as to the whole, or the same part, of the premises.   And it
    must not be confined to a particular purpose, such as the enjoyment of a privilege
    conferred by an incorporeal hereditament.

An exclusive right of possession cannot be established by prescription; but a qual-
    ified right, for a particular purpose, may be.

Prescription applies only to incorporeal hereditaments.   Consequently an interest in
    the land of another, of a higher character than an incorporeal hereditament—as a
    right to the use of a saw mill erected thereon—cannot be established by
    prescription.

TRESPASS, quare clausum fregit, for breaking and entering
the plaintiff's saw mill, at Poundridge in the county of West-
chester, and expelling the plaintiff and his servants from the
possession thereof.   The defendants pleaded the general issue,
and gave notice of special matter in justification.   The cause
was tried at the Westchester circuit in March, 1847, before
BARCULO, Circuit Judge.   It was clearly proved on the trial
and not denied by the defendants, that the plaintiff was the
owner, and in possession of the mill and the land on which it
stood, at the time when the alleged trespasses were committed.
The notice given by the defendants with their plea stated that
they intended to justify under a sealed contract made in the
year 1790, and executed by the then owner of the land and five
other persons, for erecting a saw mill where the saw mill in
question now stands, and which provided that the parties and
their assigns were to have the privilege *forever*, or *during their
pleasure*, of using the said saw mill and premises, from year to
year, or from time to time, as they might deem necessary; and
for that purpose to enter into, and upon, the premises at their
pleasure at reasonable and proper times: that one of the parties

sold his share to one Samuel Austin, who sold the same to Edward Slosson, who sold the one-twelfth part of such share to the defendant James Brown, under whom the other defendants had acted. That the parties to the contract built the mill and repaired it at various times, down to 1841. That in 1841 the repairs were made by the then owner of the land, but the expenses were paid to him by the defendant James Brown, and the other persons then claiming under the contract; and that the persons who made the contract, and those claiming under them, have used the mill from 1790 down to the present time. The defendants' counsel offered to prove, by the cross-examination of one of the plaintiff's witnesses, facts tending, as they alleged, to establish in the defendants a right by prescription to the use of the mill; to which testimony the plaintiff's counsel objected, and the judge refused to receive it. The defendants' counsel asked another of the plaintiff's witnesses whether he ever knew James Brown the elder to be at the mill, engaged in sawing there, at any time, and how often. This question was also objected to by the plaintiff's counsel, and the objection was sustained by the judge. The defendants' counsel subsequently offered to prove the several facts stated in their notice, except the contract alleged to have been made in 1790; which they admitted they were not able to produce or prove. The judge excluded such testimony also. The defendants' counsel excepted to all these decisions of the circuit judge. The judge instructed the jury that, upon the evidence, the plaintiff was entitled to recover against the defendants such damages as they should think he had sustained from the use of the saw mill by the defendants, and submitted the question of damages to them. The jury, under these instructions, and by the consent of the parties as to the amount, rendered a verdict for the plaintiff, and assessed his damages at sixty dollars. The defendants, upon a bill of exceptions, now moved for a new trial, on the ground that the evidence offered should have been received.

*J. W. Tompkins*, for the plaintiff. There cannot be a prescriptive ownership or right to use a saw mill on land owned by another. If there could, the defendant James Brown and his two co-defendants acting under him had bought of one of the four who built the original saw mill only one-twelfth of his one-fourth part. And this would not give any right. The shares could not be divided from four to forty-eight persons. If the defendant, or those who built the saw mill, (without any deed or writing whatever,) built it on land of the plaintiff's grantors, it was by virtue of a parol agreement amounting to a mere license from the owner, which he or his grantee could revoke at any time. The original builders of the saw mill could not pretend to have any right to this new saw mill, dam, &c. after they had worn out the old saw mill and dam, and it had ceased to be capable of use. The defendants' notice does not cover the facts offered to be proved, and those facts cannot be given in evidence under the general issue. The claim is of an easement. There having been a written agreement, it should have been produced, or proved, or its contents shown.

*M. Mitchell & W. Silliman*, for the defendants. The decision of the circuit judge, in excluding the testimony offered, was erroneous; for, waiving, for the present, the notice annexed to the plea of James Brown, he had a right to give this matter in evidence under the general issue. In trespass to real property, the plea of the general issue not only puts in issue the fact of the trespass, &c. but also the title, whether freehold or possessory, in the defendant or a person under whom he claims, may be given in evidence; which matters show prima facie that the right of possession which is necessary in trespass is not in the plaintiff but in the defendant, or the party under whom he justifies. (1 *Chit. Pl.* 492.) See also the same doctrine in *Dodd* v. *Kyffin*, (7 *T. R.* 354;) *Argent* v. *Dimont*, (8 *Id.* 403;) 3 *Stark. Ev.* 1456. The question which was put to the witness, whether he ever knew James Brown the elder to be at the mill engaged in sawing there, at any time before, and how often, tended to show two things, (1) possession out of the

plaintiff, and (2) a right in the defendant; and for either purpose it was admissible. The answer might have shown an uninterrupted possession by James Brown the elder for fifty years. The counsel for the defendants offered to prove all the facts and matters set forth in the notice of the defendant James Brown annexed to his plea, except that he could not produce the written agreement. These facts and matters showed a right in the defendants, which might have been proved either under the notice or under the general issue. They constituted a good defence, and should have been admitted, and would have authorized the jury to find that there was an original grant or agreement on which the rights claimed by the defendant Brown were founded. (2 *Wend.* 13, 36. 3 *Doug.* 343. 2 *Cowen & Hill's Notes*, 373. 1 *Phil. Ev.* 163, 164. 14 *East*, 332, 376. 3 *T. R.* 294. 5 *Id.* 417, 411.) The evidence offered and rejected tended to show that the plaintiff was tenant in common with the defendant James Brown, and others, of the *locus in quo.* All tenants in common should unite in an action of trespass. (*Duer* v. *Livingston*, 15 *John.* 479.) One tenant in common cannot maintain trespass against another.

*By the Court*, STRONG, P. J. It is not necessary to decide whether the alleged contract would, if it had been proved, have conveyed to the parties any definite right to the use of the saw mill. The defendants abandoned their claim under that, and set up a right by prescription. The admission of that defence could not be claimed under the notice subjoined to their plea. The rights claimed, and the facts to establish them, were essentially variant. It was not contended on the argument, that proof going to establish a prescriptive right to the use of the mill could be received under that notice; but it was said that it was admissible under the plea of the general issue. It is undoubtedly true that in trespass quare clausum fregit the defendant may, under that plea, give in evidence *liberum tenementum*, or the right of possession in himself or those under whom he claims. In this case, title in the defendant is not pretended. It is supposed, however, that the prescription claim-

ed would, if proved, have established the right of possession in them. The right of possession which may be given in evidence under the general issue must be general, and exclusive of any superior claim of the plaintiff as to the whole or the same part of the premises. It must not be confined to a particular purpose, such as the enjoyment of a privilege conferred by an incorporeal hereditament. The former, when established, disproves the plaintiff's right of action. The latter does not. It merely shows that it is subject to a qualification; and that is a fact to be established affirmatively on the defence. An exclusive right of possession cannot be established by prescription. A qualified right for a particular purpose may be. Blackstone says, (4 *Com.* 264,) that nothing but incorporeal hereditaments can be claimed by prescription, but that no prescription can give a title to lands and other corporeal substances of which more certain evidence may be had. Judge Thompson says, in *Cortelyou* v. *Van Brundt*, (2 *John. Rep.* 362,) that prescription will not in any case give a right to erect a building on another's land. This is a mark of title and of exclusive enjoyment, and it cannot be acquired by prescription. Title to land requires the higher evidence of corporeal seisin and inheritance. Prescription applies only to incorporeal hereditaments. The defendants are then brought within this dilemma : If what they claim in the plaintiff's land was of a higher character than an incorporeal hereditament, it could not be established by prescription. If it was an incorporeal hereditament they could not prove it under the plea of the general issue. Williams, in his note to Saunders' Reports, (2 *Saund. Rep.* 402, *n.* 1,) says, " It seems to be an established rule, whenever the defendant in trespass quare clausum fregit justifies the trespass by reason of some title or easement which gives him a legal right to do the act which is the subject of the action, he must set forth his title or right to enjoy the easement, specially, so that the plaintiff may have an opportunity of traversing it." Chitty says, (2 *Chit. Pl.* 495,) " a justification under a rent charge or in respect of any easement or incorporeal right, must be pleaded." And Starkie says (3 *Stark. on Ev.* 1462) that the defendant cannot, under

the general issue, give in evidence a right to an easement; and he quotes *Hawkins* v. *Wallis*, (2 *Wils. Rep.* 173,) where it was claimed that the easement had been exercised for thirty years.

We think that the judge decided all the points raised before him correctly, and the motion for a new trial must be denied

