THE NORTHERN TURNPIKE ROAD COMPANY *vs.* SMITH.

Where a turnpike road company, in pursuance of an act amending its charter, alters the route of its road and builds a road along a highway, in another place, thereby partially abandoning the former road, in front of premises owned by an individual, and receives a deed of the highway, from the commissioners of highways, whereupon such owner enters upon and occupies that part of the old highway adjoining his premises, the turnpike company cannot maintain ejectment, although it has repaired the old road, and occasionally used it.

The public has only an easement in a highway—the fee belonging to the owners of the adjoining lands—and a turnpike company, by a deed from the commissioners of highways, will take nothing more than a right of passage; the owner of the soil having such a possession that he may bring ejectment.

THIS was an action of ejectment brought by " The Northern Turnpike Road Company" plaintiffs, against the defendant Smith, for " a strip of land about ten feet wide and about twenty rods in length," lying contiguous to the defendant's premises. The complaint alleged title in the plaintiffs, and that the defendant entered and took possession. The defendant in his answer denied title in the plaintiffs, and averred title in himself. The plaintiffs replied, denying the defendant's title and reasserting their own. The plaintiffs were incorporated April 1st, 1799. The 5th section of the act of incorporation authorizes the company " to enter upon any lands and take any materials thereon and pay the owners by appraisement of three men," &c. By an amendment of this act, passed April, 1844, the company were empowered to alter the route, and the 2d section gave the same powers in regard to entering on lands as were contained in the 5th section of the original act, and by the 4th section the road was to be completed in four years from the passage of the act. In conformity with these acts, the company altered their route, and received a deed from the commissioners of highways, of the highway running along or in part over the defendant's premises, he owning on that side of the road. It appeared upon the trial, that adjacent to the premises of the defendant, the company had not used the old highway, or at most but little, but had veered off and built a road on the other side ; and that the defendant had entered upon and occupied that part of the old highway thus avoided. But there was some evidence that the plaintiffs had also repaired this latter part. For this strip the suit was brought. The plaintiffs claimed title from having taken possession under the act authorizing them to enter, and from the deed of the commissioners of highways. The defendant insisted that the time having expired for the completion of the road, the plaintiffs' title had failed ; and that the plaintiffs had not paid nor offered to pay him any compensation, and hence their acts were in violation of the constitution, and that they had not complied with the 5th section of the act of 1799, empowering them to deviate, &c. It was also objected by the defendant, that as the deed from the commissioners of

Northern Turnpike Co. v. Smith.

highways was only of an easement, ejectment could not be brought by the plaintiffs.

*J. H. McFarland*, for the plaintiffs.

*C. & F. Ingalls*, for the defendant.

HAND, J. The deed from the commissioners of highways to the plaintiffs, merely gave the latter the same rights the grantors had; and was evidence that the public had received compensation for their interest in the road. According to a recent decision, the plaintiffs, in this respect, succeeded to the rights of the public; and the defendant cannot complain that the highway has been placed in charge of a turnpike company. It is still a public road; and the mode of keeping it in repair is only changed. (*Benedict* v. *Goit*, 3 *Barb. S. C. Rep.* 459.) If, after the plaintiffs had changed their turnpike on to this highway, they had abandoned that part of the road in question, the defendant would have been restored to his former rights. (*Hooker* v. *The Utica and Minden Turnpike Company*, 12 *Wend.* 371.) But the evidence does not sustain that view of the case. Another track had been built alongside of the old one; but the latter had also been repaired, and there is some proof that the latter had also been in use. By the act of incorporation, the road was to be four rods wide, (*see the act passed April* 1, 1799, 2 *K. & R.* 415, § 6,) which was more than the width at this place; and the plaintiffs seem to have had only a revocable license from the owner to widen it, upon the opposite side. If it had appeared that the land in question was more than two rods from the center of the highway, the presumption, even without proof of title, would have been in favor of the defendant. (*Woolr. on Ways*, 5.)

But I have not been able to find authority to sustain the action of ejectment for this injury. The public had only an easement, and the fee belonged to the defendant as owner. (*Woolr.* 5. *Cortelyou* v. *Van Brundt*, 2 *John.* 357. *Jackson* v. *Hathaway*, 15 *Id.* 447. *Whitbeck* v. *Cook, Id.* 483. *Babcock* v. *Lamb*,

1 *Cowen*, 238. *Cornell* v. *Butternuts and Oxford Turn. Co.* 25 *Wend.* 368. 2 *Smith's Lead. Cas.* 183, 4, *Am. ed.*) That being all the public had, the plaintiffs took nothing more. Had they taken more than an easement, (if that were possible,) they would have had to make compensation to the defendant. The owner may bring trespass or ejectment, as the case may be, against any one who injures the land, or appropriates it to any other use than the servitude. (*Goodtitle* v. *Alker*, 1 *Burr.* 133. *Lade* v. *Shepherd*, 2 *Stra.* 1004. 3 *Hill*, 567. *Cornell* v. *Butternuts, &c. Turn. Co.* 25 *Wend.* 368. *Woolr.* 5. 2 *Smith's Lead. Cas.* 183, 4, *Am. ed.*) I do not think this point necessarily arose in the recent case of *Adams* v. *Saratoga and Wash. Railroad Co.* (11 *Barb.* 414.) It is said, one may have ejectment for right of herbage, *pro prima tonsura* and for a pool or pit of water; and a mine. And it has been held, in this state, that it will lie for a right and privilege to build a dam on a specified place, reserved in a deed. (*Jackson* v. *Buel*, 9 *John.* 298.) But, as a general rule, it cannot be sustained for things that lie merely in grant, not capable of being delivered in execution, as an advowson, rent, common appendant, a water course, a mere grant of a privilege to erect a machine without defining the place. (2 *Bac. Ab.* 417. *Adams on Eject.* 16. 3 *Bl.* 199, *n.* *Runn. on Eject.* 25 *et seq.* 1 *Lee's Dic.* 524. *Jackson* v. *May*, 16 *John.* 184. *And see Warren* v. *Wakely*, 2 *Roll. R.* 482 ; 1 *Lill. Pr. R.* 677 *et seq.; Doe* v. *Alderson*, 1 *M. & W.* 201.) And in *Doe* v. *Alderson*, where the party appeared to defend for a " certain tin bound," &c. Parke, B. said to counsel, " you have no possession of the *surface.*" One who has a right of way, may maintain case for its obstruction. (*Allen* v. *Osmond*, 8 *East*, 4. 15 *Petersd. Ab.* 391, *n.*) Or may abate it ; particularly if this can be done without meddling with the soil, or where the injury to the right of way is committed by a stranger. (*Woolr.* 56. *And see Drake* v. *Rogers*, 3 *Hill*, 604.) But I find no case where he has recovered in ejectment. In *Judd* v. *Leonard*, (1 *Chip. Vt. Rep.* 204,) it was held that ejectment would not lie. And as to public highways the remedy is by indictment, or proceed-

---

ings under the statute. ( *Woolr.* 54.) Or by abatement. ( *Woolr.* 52. *Renwick* v. *Morris,* 3 *Hill,* 621 ; *S. C.* 7 *Id.* 575.) Unless a person has sustained special damage, when he may have his action. ( *Woolr.* 53. *Myers* v. *Malcolm,* 6 *Hill,* 292. *Baptist Church* v. *Utica and Schenectady Railroad,* 6 *Barb.* 313.) Perhaps a turnpike company may maintain trespass against a stranger. (*Seneca Road Co.* v. *Auburn and Rochester Railroad Co.* 5 *Hill,* 170.) But the declaration in the case last cited was in the nature of case. And Judge Cowen admitted the general rule, that case was the only remedy for an injury to an incorporeal right ; though he cited authorities to show that trespass would lie for the violent disturbance of another in the use of a franchise. But, as we have seen, the owner of the soil has an absolute right, except the right of passage for the people ; and has such a possession that he himself, may bring ejectment. It seems absurd to say that the sheriff may give to the people possession of the land, as against such owner, when all they can do with it is to pass and repass over it. And if a stranger takes possession, we have the additional absurdity, that both, the owner and the people, may bring ejectment.

I think the motion for a nonsuit must be granted.

[WASHINGTON SPECIAL TERM, October 18, 1852. *Hand,* Justice.]