### JOHN T. HOLLENBECK *vs.* JAMES H. ROWLEY.

If there is no competent record evidence of the laying out of a highway, and it appears that surveyors have been unable to ascertain the boundaries accurately, evidence of the existence of a fence substantially in the same place for more than twenty years, upon the side of the highway, is competent for the purpose of fixing the boundary line.

Ordinarily a deed of land bounded by a highway conveys the land, subject to the easement of the public, to the centre of the highway.

The rejection of a photographic view of premises, the boundaries of which are in dispute, and upon which a trespass is alleged to have been committed by placing rocks and rubbish thereon, furnishes no ground of exception, if the same is offered simply as a " chalk representation," without being verified by the oath of the photographer, although the evidence of other persons is offered to show its correctness.

A private individual may be held liable as a trespasser by the owner of land over which there is a public highway, for acts done to the injury of the latter in widening or repairing the highway, outside of the travelled part thereof; although a highway surveyor might properly have done the same acts.

In an action to recover damages for a trespass, evidence of a license from the plaintiff to do the acts complained of is not admissible, unless specially set up in the answer.

TORT to recover damages for a trespass to the plaintiff's land within the limits of a highway known as the Plain road in Egremont, by putting rocks and rubbish thereon.

At the trial in the superior court, before *Rockwell,* J., it became necessary for the plaintiff to prove the boundary line of

the highway in question, upon the northerly side of which his land was situated. For this purpose he offered certain record evidence of the action of the county commissioners respecting the same, which, upon the objection of the defendant, was excluded. He then offered to show that the distance between the fences was about five rods, and that a certain fence was the north boundary of the highway, and had stood in its present position for more than twenty years before the commencement of the action. The defendant objected to this evidence, unless it was first shown that from length of time or otherwise the boundaries of the highway could not be made certain by records or monuments; but the evidence was admitted. A witness afterwards testified that surveyors had been out four times to ascertain the boundaries of the highway, and that no two of their surveys were alike.

There was other evidence tending to show that within twenty years a portion of the fence had been moved to the south; but this was contradicted. The judge ruled that if the fence was shown to have been, for more than twenty years, substantially in the same place and line, it was competent testimony to show the north line of the highway.

The plaintiff derived his title under two deeds, in one of which the land was described as bounded " south by the highway known as the Plain road," and in the other as " south on the Plain road, so called." The judge instructed the jury that under these deeds the land was bounded by the centre or thread of the highway.

The defendant offered a photographic view of the premises in controversy, without the testimony of the photographer who took it; but he offered to prove its correctness by persons well acquainted with the premises. The photograph was offered to be used as a " chalk representation " of the premises. The plaintiff objected, especially on the ground that it exhibited but part of the premises; and it was excluded.

There was evidence tending to show that some stones and rubbish were placed upon the north side of the travelled part of the highway, and thus widened and improved the road, and

rendered it more safe and convenient for travellers; and the defendant asked the court to rule that he was not liable in this action if he did no more than a highway surveyor might reasonably have done in the ordinary discharge of his duties. The judge declined so to rule, and instructed the jury that if trespasses were committed north of the travelled part of the highway, and upon the plaintiff's land, they were not justifiable, although they effected a beneficial widening of the road; but that the defendant was not liable for such acts done within the travelled part, to repair it.

The defendant offered evidence tending to prove a license from the plaintiff to do the acts complained of; but, as no such ground of defence was set up in the answer, the judge excluded the evidence.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H. W. Bishop & J. E. Field,* for the defendant.

*I. Sumner & M. Wilcox,* for the plaintiff.

DEWEY, J. 1. The ruling of the presiding judge, permitting the plaintiff to prove the existence of a certain fence on the northern side of the highway for more than twenty years, for the purpose of establishing the northern boundary of the highway, furnishes no legal ground for disturbing the verdict. There was in the case sufficient evidence to show that this boundary could not be made certain by record or by monuments. That a portion of the evidence upon this point was introduced after the evidence as to the fence was admitted, is not now material. The facts being in the case, the evidence as to the fence was properly before the jury. Gen. Sts. *c.* 46, § 1.

2. The court properly instructed the jury that the legal effect of the deeds introduced by the plaintiff was to show that the land thereby conveyed to him extended to the centre of the highway.

3. The rejection of the photographic view of the premises is not a ground for exception. It was not verified by the oath of the photographer, and was only offered as a " chalk representation " of the premises. As such, it was in the discretion of

the presiding judge, in view of its imperfection, or want of fulness of description, as well as of its immateriality in reference to the understanding of the case on trial, to admit or reject it.

4. The court properly declined to instruct the jury that the defendant was not liable in this action for the alleged trespass, if he did no more than a highway surveyor might reasonably have done in the ordinary discharge of the duties of his office; and properly instructed them that if the trespasses were committed north of the travelled path in use, and upon the plaintiff's land, they were not justifiable, although they might have effected a beneficial widening of the road.

It was undoubtedly competent for the defendant, or any other person having occasion to use the public road, to remove all rails, bars, rocks, or other obstructions placed on the same, preventing the free and convenient use of the road. Gen. Sts. c. 46, § 4.

But entering upon land without the travelled road, and by excavations or embankments widening the road, to the prejudice of the adjacent owner, or in disturbance of his soil, is an unauthorized act. Gen. Sts. c. 44, vest in the surveyors of highways the authority for making all necessary repairs on public highways; and individuals, unauthorized by such surveyors or other lawful authority, cannot lawfully enter upon the land of an adjacent owner situated without the limits of the worked road, and take and remove earth; nor can they interfere with the same by placing rocks, stones and rubbish upon his land without the limits of the worked and travelled way.

The plaintiff having been shown to be the owner of the soil where these trespasses were committed, subject to the easement of the highway, this action may well be maintained against the defendant for the acts complained of. This principle seems fully sustained by adjudicated cases in this commonwealth and elsewhere. *Perley* v. *Chandler*, 6 Mass. 454. *Stackpole* v. *Healy*, 16 Mass. 33. *Peck* v. *Smith*, 1 Conn. 133. *Reed* v. *Leads*, 19 Conn. 187. *Cortelyou* v. *Van Brundt*, 2 Johns. 357. *Jackson* v. *Hathaway*, 15 Johns. 447.

5. The defence of a license from the plaintiff to the defend-ant to do the acts now complained of as trespasses was not set up in the answer of the defendant; and, that objection having been taken by the plaintiff at the trial, the court properly ex-cluded all the evidence offered upon that point.

Upon the whole case, the court see no ground for sustaining the exceptions. *Exceptions overruled.*