### JOSEPH H. SMITH & WIFE v. CHARLES W. WIGGIN.

A writ of entry cannot be maintained by plaintiffs who possess no higher interest in the soil than a mere easement or right of way.

The more approved civil remedy for the disturbance or interruption of the right of way is in the action of trespass on the case.

An amendment, to be useful to plaintiff in this case, must be equivalent to a new form of action, and therefore must be denied.

WRIT OF ENTRY. The count claims to recover a tract of land in Dover described by metes and bounds. The plaintiff moves to amend this count so that it shall claim to recover " a right of way or passage from Chapel street at any and all times with teams," &c., over and across the said tract of land. For the purposes of this case, the parties agree that said count is brought for said right of way and for nothing else, and the question whether a mere right of way can be recovered under either the original count or the count if amended as proposed, as well as the questions arising upon said motion are reserved for determination by the whole court. The declaration and proposed amendment may be referred to.

*Wheeler & Hall and I. A. Eastman*, for plaintiffs.

The defendant, by his plea of *nul disseisin*, admits that he is in possession of the premises claiming a freehold. *Sperry* v. *Sperry*, 8 N. H. 477 ; *Gibson* v. *Bailey*, 9 N. H. 168 ; *Cochecho Manufacturing Co.* v. *Whittier*, 10 N. H. 305. He asserts that he is the owner of the premises, and that the plaintiffs have no rights therein. In point of fact, he has erected a substantial building upon the *locus in quo*, and thereby excluded the plaintiffs from any use of the same.

It is agreed that the plaintiffs' interest in the premises is that of a right of way. In the language of their deed, it is " a right of way or passage." Can a writ of entry, which is met by a plea of *nul dis seisin*, be sustained in such a case?

In our practice a writ of entry takes the place of most of the forms

of real actions known to the common law, and may be maintained where those actions can be. It is much more simple, convenient and effectual than any other form, and wherever there is a wrongful withholding of the demandant's real estate, if his right of entry has not been lost, a writ of entry may be maintained. Stearns on Real Actions, 162.

In every case where the claimant might bring the common law action of ejectment, as sustained in the English courts, he may maintain a writ of entry in our courts. Jackson on Real Actions, 12 ; Stearns on Real Actions, 164.

In the following instances, among many others that might be cited, real actions have been maintained at common law : Ejectment for " a house," Cr. Ja. 654 ; for " a chamber," 3 Leon. 210 ; for " a part of a house," Cro. El. 286 ; " the vestry in D." 3 Leon. 96 ; " a warehouse," Cro. Ch. 555 ; " a stable," 1 Lev. 58 ; and for " a shop," 48 Ed. 3d, pl. 4th. And these without reference to the soil beneath.

Ejectment has been held to lie for a fishery, which, according to Mr. Justice Ashhurst, is a tenement, and might be recovered in that form of action. *King* v. *Old Alresford*, 1 Term Rep. 361. So it has been sustained for a boilery of salt, that is, where there is a well of salt, and a man has no inheritance in the soil, but only a grant of so many buckets of water, and if any one withholds the buckets of water from him he may maintain ejectment against him. Runnington's Ejectments, 131. Also for hay grass, where the party has no interest in the soil. So also for a right of pasture merely ; and for tithes. Runnington, 133.

One who has contracted with the owner of a close for the purchase of a growing crop of grass there, for the purpose of being mown and made into hay by the vendee, has such an exclusive possession of the close, though for a limited purpose, that he may maintain trespass *quare clausum fregit* against any person entering the close and taking the grass, even with the assent of the owner. *Crosby* v. *Wadsworth*, 6 East. Rep. 602.

By the ancient law, *tenementum* included not only lands, but incorporeal inheritance, in which a man might have a freehold, as rents, commons and the like. Coke Litt. 6 a. And for these a writ of entry might be maintained. Stearns on Real Actions, 150.

A writ of entry lies for a stream, *praecipe quod reddat unum gurgitum*, and the esplees are the taking of the fish. Fitzherbert, N. B. 191. Also upon a disseisin of " a common," that he render pasture for ten sheep, and for " a *passage*." Idem. 191, 192. This last case is an authority directly in point.

In Massachusetts it has been maintained for pews in church, although the proprietors had no interest in the soil. *Bates* v. *Sparrel*, 10 Mass. 323 ; *Gay* v. *Barker*, 17 Mass. 437. And in our own State for a store standing on land of another. *Mills* v. *Pierce*, 2 N. H. 11.

And as further tending to show that the action can be maintained, we refer to *White* v. *White*, 1 Harv. 202 ; *Jackson* v. *Buel*, 9 Johns. 208 ; *Corning* v. *Gould*, 16 Wend. 551 ; *King* v. *Catlin*, 1 Tyler, 355 ; *Patterson* v. *Wilson*, 19 Penn. 380 ; *Turner* v. *Reynolds*, 23 Penn. 199.

We are aware that there are authorities to the effect that *case* is the proper form of action in such cases, and that a real action cannot be maintained.   But we submit that the decisions are few, where that precise point has been raised; and that they consist more of *dicta* than of maturely considered cases.

The right of passage or way includes the right to work upon the land, to make the way passable.   It gives the sole and exclusive possession and control of the land for the time being, and whenever the party may choose to use it.   And the writ of entry in such a case gives to the party the possession of land of which he is deprived, that he may enjoy it according to his rights.

An action on the case is but an imperfect remedy for such a grievance.   It does not remove the nuisance, and resort must be had to chancery after perhaps repeated actions for damages; while by a writ of entry the whole merits of the case are tried, the title of the parties to the premises settled, and the writ of possession removes the obstructions and opens the passage to the plaintiff—the form of the execution being so drawn as to give a possession co-extensive with the right, as is done where the action is brought for a tenement where the plaintiff does not own the soil, or where he owns the soil subject to the rights of others.

It is one of the first principles of the law that courts will sustain the most effectual remedy to redress the grievance complained of.   It is also well settled that a party shall not be sent to a court of chancery when he can have a remedy at common law.   The common law remedy is always to be preferred.   And we submit that, in the absence of direct authorities upon the point in our own reports, and in view of the authorities showing that the action has been sustained in England, the court should not hesitate to sustain it here, since it violates no precedent, conflicts with no authority, and gives to community a more simple, direct and perfect remedy than any other known to the law.

*J. Smith,* for defendant.

I.   Plaintiffs cannot recover a right of way under the original count. There would be a variance between their declaration and their proof. *Wheeler* v. *Toolson,* Hardies, 330.   In that count they claim the land itself, which they do not own.   Their easement does not entitle them to maintain such a count.   This point is directly decided in *Jamaica Pond Aqueduct Corporation* v. *Chandler,* 9 Allen, 159; in *Bigelow, C. J.,* p. 165–6, on the contrary, it is held that if the person entitled to an easement claims the land, the owner of the fee may maintain a writ of entry against him to which his easement constitutes no defence.   *Hancock* v. *Wentworth,* 5 Metcalf, 446.   It cannot be that the plaintiff and defendant are each entitled to maintain a writ of entry against the other, at the same time, for the same land.

II.   The amendment should not be allowed.   It introduces a new cause of action.   The original count is for the recovery of the land,

the amended count is for the recovery of a right of way over the land. There is certainly a wide difference between a fee and an easement, between a corporeal and incorporeal hereditament. They are distinct and different causes of action. See *Slater* v. *Nason*, 15 Pick. 345; *Sawyer, J.,* in *Hall* v. *Dodge*, 38 N. H. 346, p. 351–2; *Bartlett* v. *Perkins*, 1 Shepley, 87; *Melvin* v. *Smith*, 12 N. H. 462. Its admission, in effect, involves a change in the *form* of action; see *Little* v. *Morgan*, 31 N. H. 499. Besides, an amendment will not be granted, which, when made, would leave the writ defective on its face; *Gilman* v. *School District in Meredith*, 18 N. H. 215; see next point.

III. Plaintiffs cannot recover under this count, if amended as proposed. A writ of entry cannot be maintained to recover a mere right of way. *Judd* v. *Leonard*, 1 Chip. 204; 2 U. S. D. p. 120, sec. 17; *Black* v. *Hepburn*, 2 Scales, 331; 2 U. S. D. p. 120, sec. 18; *Den* v. *Craig*, 3 Green, (N. Y.) 191; 4 U. S. D. p. 606, sec. 32; *Denio, J.,* in *Child* v. *Chappell*, 9 N. Y. (5 Shedden) 246 p. 252; *Doe* v. *Alderson*, 1 M. & W. 210; *Holroyd, J.,* in *Crocker* v. *Fothergill*, 2 Barn. and Ald. 652 p. 651; 1 Chitty on Pl. 188; *Challenor* v. *Thomas*, Yelverton, 143. The passage from Fitzherbert, N. B., relied on by plaintiffs, is cited in Stearns on Real Actions, p. 150, note, with the remark: "But such action probably would not be sustained with us."

If judgment should be rendered in favor of plaintiffs, how is the sheriff to execute the *hab. fac. poss.?* How can he put the plaintiffs in possession of an incorporeal, intangible right? In the case of a building there is a tangible object, but here the plaintiffs do not own the land over which they claim a right of passage, and are not entitled to the possession of it; and the sheriff cannot oust the owner of the fee. Plaintiffs have not such possession as would entitle them to maintain trespass *qu. cl.* for an obstruction of the way. 1 Chitty Pl. 142, 131; *Thomas, J.,* in *Smith* v. *Slocum*, 11 Gray, 280, p. 285; *Whitmore* v. *Robinson*, 2 Conn. 529; 1 Hilliard on Torts, 667; *Wilson* v. *Wilson*, 2 Verm. 68 and *Marshall* v. *White*, Harper 122; both cited in 1 U. S. D. p. 70, sec. 44. There are cases in which persons not owners of the soil have been allowed to bring ejectment, or trespass *qu. cl.* on the ground that they had a right for a time to the exclusive possession of the soil. But this is not that case. Defendants had a right to the possession and beneficial enjoyment, at all times, for all purposes, not inconsistent with plaintiffs' easement, and plaintiffs have no right to the exclusive possession. A right of way is not "the most signal profit of the soil" like the *prima tonsura,* (see Cro. Car. 362) nor is it a right which would be worthless unless accompanied by exclusive possession. Plaintiffs have not an exclusive right of way; their right is more like common in gross, or common of turbary, than an exclusive right of pasture or turbary; see *Wilson* v. *Mackreth*, 3 Burr. 1824; Runnington on Ejectment, 33, 34.

IV. *Nul disseisin* was the proper plea to the original count. If

defendant could have brought a writ of entry to recover the premises, (5 Metcalf, 446; 3 Gray, 319) surely he may plead *nul disseisin,* when the same premises are demanded of him.   But the sufficiency of the plea is not the question here; nor could a wrong plea enlarge the plaintiffs so as enable them to maintain this anomalous action.

NESMITH, J.   The general rule is, that the right of the public or of individuals to the use of land of others for a precise and definite purpose, not inconsistent with a general right of property in the owner of the soil, is, in contemplation of law, an easement or franchise, and not a right of property in the soil, even though it deprive the owner of all useful or available beneficial interest in the land.   *Harback* v. *Boston,* 10 Cush. 297.   If such easement be a right of way, this consists in a right to use the surface of the soil for the purpose of passing and repassing, and the incidental right of properly fitting the surface for that use; but the owner of the soil has all the rights and benefits of ownership, consistent with such easement.   The right to a fee and the right to an easement in the same estate are rights independent of each other, and may well subsist together, when vested in different persons.   Each can maintain an action to vindicate and establish his right; the former to protect and enforce his seisin of the fee; the latter to prevent a disturbance of his easement.   *Morgan* v. *Moore,* 3 Gray, 319; Runnington on Ejectment, 130; *Hancock* v. *Wentworth,* 5 Met. 450; Kent's Com. 432; *Jackson* v. *Hathaway,* 15 Johnson, 452; *Goodtitle* v. *Allker,* 1 Burrows, 143; *Shepard* v. *Baker,* 24 N. H. 208.

The general rule of practice appears to be, that the action of ejectment will not lie for an easement, which is not a title to or an interest in law.   This action lies only for something tangible of which possession may be delivered by the sheriff, and not for an incorporeal hereditament lying merely in grant.   2 Bacon Abridg. 417; Adams on Ejectment, 16; 3 Blackstone Com. 199, Note 1; Lillie's Prec. 677; Runnington on Ejectment, 25; 1 M. & W. 201; *Smith* v. *Slocum,* 11 Gray, 280; 16 Johns. 184; *Turnpike Company* v. *Smith,* 15 Barb. 355; 19 Barb. 484; 2 B. & A. 652; *Graves* v. *Amoskeag Company,* 44 N. H. 462; *Judd* v. *Leonard,* 1 Chip. Vt. 204.   In this easement case, plaintiff's private way was interrupted by a building erected thereon by defendants who owned the fee adjoining plaintiff's way.   Plaintiff brought ejectment.   Held that such form of action could not be maintained.

An action of ejectment will not lie against one claiming an easement in a parcel of land, to try his right to enjoy the same.   Washburn on Easements, sec. 2.   The author specially refers to *Child* v. *Chapell,* 6 Selden, 246.   We find the great weight of authorities to be against the maintenance of this form of action, as a remedy for plaintiffs.   The more approved remedy for the disturbance or interruption of plaintiff's right of way is the action of trespass on the case.   *Mayhew* v. *Norton,* 17 Pick. 337; *Cushing* v. *Adams,* 18 Pick. 114; 7 Gray, 198; *Jamaica Pond Aqueduct Company* v. *Chandler,* 9 Allen, 159; and other authorities quoted *ante.*   Trespass, also, has sometimes been main-

tained according to the nature of the injury sustained. *Robbins* v. *Bonner*, 1 Pick. 122. The public remedy for an injury in a public highway is well understood to be by punishment or indictment. 5 Coke, 73 ; 9 Coke, 113.

An amendment here, to be effectual for plaintiffs, must be equivalent to a new form of action, and therefore must be denied.. *Little* v. *Morgan*, 31 N. H. 499 ; *Lawrence* v. *Langley*, 14 N. H.70. As before seen, however, if plaintiffs are owners of the land over which the right of way is established, the plaintiffs can maintain their writ of entry for the recovery of the land demanded in their writ; at least there are some strong authorities in favor of such right of action. The demandant in a writ of entry, must demand a freehold. It follows, that the tenant, against whom the action is brought, must be seized of a freehold. But if a writ of entry be brought against one who is not seized of the freehold, he can make the objection only by disclaiming or pleading *non tenure*. Stearns on Real Actions, 175 ; *Higbee* v. *Rice*, 5 Mass. 352 ; 8 Cranch, 243. In *Goodtitle* v. *Allker & al.*, 1 Burrows, 143, Lord Mansfield says that, under the general issue, the defendant cannot show that the land demanded is a highway.

If the defendant plead the general issue, such a plea is an admission of his capacity to defend the suit as tenant of the freehold. *Spinney* v. *Spinney*, 8 N. H. 477 ; *Cochecho Manufacturing Company* v. *Whittier*, 10 N. H. 305. In *Allen* v. *Murdock*, 13 Mass., being a writ of entry where the defendant relied upon a right of way, and the tenant pleaded *nul disseisin*, the court say, if the tenant would have availed himself of his right of way, he should have pleaded a special. non-tenure in abatement of plaintiff's action. But, as the tenant made full defence to the action, he admitted the possession of the soil to be in himself, therefore demandant must prevail. See also *Miller & al.*, v. *Miller*, 4 Pick. 244 ; *Mills* v. *Paine*, 2 N. H. 10.

Any matter of justification, arising out of any authority or any easement, must be specially pleaded, or special notice should be given thereof to the demandant. 1 Chitty's Pleadings, 492 ; 2 Saunders, 402, note ; *Babcock* v. *Lund & Doty*, 1 Cow. On the last assumed ground the plaintiffs have no occasion to amend their declaration. The defendant's plea may be insufficient, but the plea may not be called in question if the plaintiffs do not own the soil where the building stands ; for, manifestly, plaintiffs cannot maintain this action in this State to recover a mere right of way. *Graves* v. *Amoskeag Company, ante.*