Pruitt *v.* Brockman *et ux.*

---

## PRUITT *v.* BROCKMAN ET UX.

EVIDENCE.—*Cross-Examination.*—Where a witness upon examination in chief had testified that he had never done a certain act, it was error to refuse, on cross-examination, to allow the witness to answer the question whether at a certain time and place he did not state to a person named that he had done said act.

From the Shelby Circuit Court.

*T. W. Woollen, C. Byfield, S. Major, A. Major, B. F. Davis,* and *B. F. Love,* for appellant.

PETTIT, J.—This suit was brought by the appellees, Oswell N. Brockman and Rebecca Brockman, his wife, against the appellant, Moses Pruitt. The action was for slander in calling Mrs. B. a whore, and repeating the words and charge in various vulgar forms.

There was an answer of general denial, with an agreement that all evidence might be given under it that would be proper or could be given under any answer that could be properly filed or issue made. There was a trial by jury, verdict for plaintiffs, motion for new trial overruled, and judgment on the verdict.

The only legally assigned error is the overruling of the motion for a new trial; there are others in form, but they are only reasons or causes for a new trial.

The motion and causes for a new trial are these:

" Comes now the defendant and moves the court for a new trial herein, and for grounds of motion:

" 1. The damages assessed by the jury are excessive.

" 2. The verdict of the jury is contrary to law, not sustained by, and is contrary to, the evidence.

" 3. The verdict of the jury is contrary to law.

" 4. Error of law occurring at the trial and excepted to at the time by the defendant, in this: 1. The court erred in refusing to permit the defendant to ask the witness, Isaac Beason, when upon the witness stand, if he had not stated to divers persons at divers times and places (and which persons and times and places were properly designated to lay the foundation for his impeachment), that he had had sexual intercourse with the plaintiff Rebecca Brockman, on many occasions; said witness having stated in his examination in chief that he never had sexual intercourse with her, as shown by affidavits herewith filed. 2. Because the court erred in refusing to permit the defendant to ask the said witness Beason, while upon the witness stand, whether the person in company with him on the road from Amity to his home, on his return from the state fair, was a male or female; and if a female, who she was. 3. Because the court erred in refusing the defendant the right to ask the plaintiffs' witnesses in support of her character for chastity and virtue, after said witnesses had testified that her general character for chastity and virtue was good in the neighborhood where she resided, previous to the 8th day of June, 1870, and on cross-examination, whether or not there was existing in the neighborhood where the plaintiff Rebecca resided previous to June 8th, 1870, a general rumor, suspicioned to be true, that said Rebecca had had illicit sexual intercourse with Isaac R. Beason. 4. Because after witnesses had been introduced by the plaintiff for the purpose specified in clause number 3 above, and after they had testified to the effect as therein stated, the court refused to permit the defendant to ask such witnesses on cross-examination, if there was not existing in the neighborhood where the plaintiff Rebecca resided, on and previous to the 8th day of June, 1870, a general report that the plaintiff Rebecca had been before

the 8th day of June, 1870, guilty of *illicit* sexual intercourse with one Isaac R. Beason. 5. Because the court erred in giving instructions number 1, 5, and 9, given by the court on his own motion. 6. Because the court erred in refusing to give instruction number — asked by the defendant.

"5. Because of misconduct of the said plaintiffs upon the trial of this cause, in this, namely, that the said plaintiffs, while Isaac Beason, a witness for plaintiffs, was upon the witness stand, and being cross-examined by the defendant, instructed said witness not to answer a question propounded by the defendant, and allowed by the court, and which question sought proof of the name of the person in company with said witness on his road home from Amity, on Friday night of the state fair, 1868, and which question said witness, acting under the direction of plaintiffs' counsel, refused to answer, and was committed to jail by reason of such refusal, and said defendant deprived of the benefit of said evidence."

The only question in this case is, did the court err in overruling the motion for a new trial? If we find one good reason for a new trial, the question must be answered in the affirmative, though many insufficient causes are stated.

A witness for the defence had sworn that at a certain place and time he saw the female plaintiff and one Beason having sexual intercourse. If true, this was a good defence under the state of the pleadings. Beason was placed on the witness stand by and for the plaintiffs, and swore that he did not have sexual intercourse with the female plaintiff at that time and place, nor at any other time and place. He admitted that he was, at the time and place named by the first witness (being between 9 and 10 o'clock at night), in company with another person, and that they sat down and lay down, but he refused to answer who the other person was, whether male or female, and the court refused to compel him to answer.

For the purpose of laying the proper foundation of impeaching Beason, he was asked: " Did you not in conver-

sation with John Goldsberry, at or near the town of Jollity, about two years ago, while sitting on a fence, state to him that you had had sexual intercourse with the plaintiff Rebecca Brockman?" On the objection of the plaintiffs, the court refused to allow the witness to answer the question. This was error. 1 Greenl. Ev., sec. 462.

The judgment is reversed, at the costs of the appellees, with instructions to the court below to sustain the motion for a new trial, and for further proceedings.