Cooper v. Bloodgood.

THOMAS E. COOPER

*v.*

BENJAMIN C. BLOODGOOD and others.

1. A riparian owner conveyed lands, including, by the description, also that between high and low-water marks in front of it, by a deed containing the ordinary covenants of title, and took a mortgage on the premises as part of the consideration. He also procured, for the benefit of the grantee, in pursuance of an agreement made by him with the latter, on the giving of the deed, a license under the Wharf Act, by virtue of which the grantee afterwards erected a wharf on part of the land under water. Subsequently, and without notice to the grantor, the grantee obtained from the state a riparian lease of the premises. On foreclosure,—*Held,* that the grantee could not, under the circumstances, set up, as a defence in equity, that the necessity for his obtaining such lease was tantamount to an eviction from that portion of the premises.

2. *Query,* Whether a riparian owner, conveying premises including land between high and low-water marks, will, in the absence of an express warranty to that effect, be held, by the usual covenants, to have warranted against the notorious, paramount, sovereign title of the state to such lands under water.

Bill to foreclose. On final hearing on pleadings and proofs.

NOTE.—The sovereign taking possession of property demised or granted, does not constitute an eviction within the grantor's covenant, as where the government took forcible possession of lands (*Zacharie* v. *Sproule,* 22 La. Ann. 325 ; *Harrison* v. *Myer,* 92 U. S. 111; *Gates* v. *Goodloe, Sup. Ct. U. S. Oct. 1879,* 21 Alb. L. J. 258 ; *Dudley* v. *Folliott, 8 T. R. 584*); or, emancipated slaves (*Rawle on Cov. 103,* note ; 2 *Wait's Actions 382.* See, also, *Faucher* v. *Choppin, 17 La. Ann. 321; Wilkerson* v. *McDougall, 48 Ala. 513; Davis* v. *Lee, 20 La. Ann. 248*); or premises

14

*Mr. William Patterson* and *Mr. F. K. Howell,* for complainant.

*Mr. Woodbridge Strong,* for Benjamin C. Bloodgood.

THE CHANCELLOR.

The mortgagee conveyed to the mortgagor, in fee, by deed dated March 1st, 1873, with covenants for seizin, against encumbrances, of right to convey and of general warranty, a lot of land on Water street, in Perth Amboy, extending from the easterly side of that street to low-water mark in Arthur Kull or Staten Island Sound, for the consideration of $4,500, and the latter gave the mortgage in suit for $3,500 of the purchase-money. The lot is fifty feet wide on the line of the street, and between that line and high-water mark it is about one hundred and thirty-five feet deep. From high-water mark to low-water mark is a distance of about fifty-five feet. The mortgage being due and unpaid, the assignee of the mortgage files his bill for foreclosure and sale of the mortgaged premises.

After the purchase the mortgagor built a pier on part of the property. Subsequently, being informed that the state had the title to so much of the land as lay between high and

were leased for purposes legal at the time, but afterwards declared illegal by statute (*McLaren* v. *Spalding, 2 Cal. 510 ; Harris* v. *Morrice, 10 M. & W. 260 ; Baily* v. *De Crespigny, L. R. (4 Q. B.) 180 ; Newby* v. *Sharpe, L. R. (8 Ch. Div.) 39.* See *Grabenhorst* v. *Nicodemus, 42 Md. 236 ; Brewster* v. *Kitchell, 1 Salk. 198*) ; or were indicted as a nuisance (*Oldham* v. *Kennedy, 3 Humph. 260*) ; or taken by direct condemnation proceedings under the right of eminent domain (*Folts* v. *Huntley, 8 Wend. 210 ; Peters* v. *Grubb, 21 Pa. St. 455*) ; or by a municipality appropriating the premises, or part of them, for street or other public improvements (*New York* v. *Mabie, 2 Duer 401 ; Mills* v. *Baehr, 24 Wend. 254 ; Workman* v. *Mifflin, 30 Pa. St. 362 ; Taylor* v. *Mohan, 19 La. Ann. 324 ; Parks* v. *Boston, 15 Pick. 198 ; Patterson* v. *Boston, 18 Pick. 159 ; Phyfe* v. *Eimer, 45 N. Y. 102 ; Brimmer* v. *Boston, 102 Mass. 19 ; Frost* v. *Earnest, 4 Whart. 86 ; McDunn* v. *Desmoines, 39 Iowa 286 ; Langsdale* v. *Nicklaus, 38 Ind. 289 ; Moyes* v. *Anderson, 1 Duer 342 ; Gallup* v. *Albany R. R., 7 Lans. 471, 65 N. Y. 1 ; Foote* v. *Cincinnati, 11 Ohio 408 ; New York* v. *Lord, 14 Wend. 285, 18 Wend. 126 ; Brown* v. *Royal Ins. Co., 1 El. & El. 853 ;* but see *Biddle* v. *Hussman, 23 Mo. 597 ; Kingsland* v. *Clark, 24 Mo.*

Cooper v. Bloodgood.

low-water marks, he, as a riparian owner, obtained a lease, dated June 30th, 1877, from the state therefor, in perpetuity, at an annual rent of $28. He now sets up an eviction from that part of the mortgaged premises as a defence *pro tanto* to the mortgage.

The defence is set up by answer merely. There is no cross-bill. The answer states that the grantee, being in possession of the property under the deed, was informed that the state had title, and he had none, to the land between high and low-water marks; and that he, having satisfied himself that such was indeed the fact, took a lease from the state for that part of the property, and it insists that when he gave the mortgage the grantee had no title to that part of the premises, and therefore could give no valid or binding mortgage thereon, and it further insists that he is entitled to a deduction for damages which he has sustained by reason of the breach of the covenants of the deed, and it prays to be dismissed the court.

The grantee, when he bought the property, stipulated with the grantor that the latter should obtain for him a license from the chosen freeholders of the county to build a dock on the property, which the grantor did accordingly. The license is dated May 13th, 1873, and licenses the

*24; Cuthbert v. Kuhn, 3 Whart. 337; David v. Beelman, 5 La. Ann. 545; Clark v. Peckham, 10 R. I. 35; Blackie v. Hudson, 117 Mass. 181; Boston v. Robbins, 121 Mass. 453; Barclay v. Pickles, 38 Mo. 143; Gillespie v. Thomas, 15 Wend. 464; Shawmut Bank v. Boston, 118 Mass. 125; Mills v. Guardians, L. R. (8 C. P.) 79; O'Brien v. Ball, 119 Mass. 28).*

*That locating and building a highway over the premises amounts to an eviction, is held in Maine, New Hampshire, Vermont, Massachusetts, Connecticut (Rawle on Cov. 101–106; Lamb v. Danforth, 59 Me. 322; Shute v. Barnes, 2 Allen 598; Leonard v. Adams, 119 Mass. 366; and in Missouri (Kellogg v. Malin, 50 Mo. 496); while the contrary is held in New York, Pennsylvania, Indiana (Rawle on Cov. 101–106; Burk v. Hill, 48 Ind. 52; Meginnis v. Nunamaker, 64 Pa. St. 374; Peck v. Jones, 70 Pa. St. 83); in Georgia (Desverges v. Willis, 56 Ga. 515); and in Virginia (Jordan v. Eve, 19 Alb. L. J. 427). A railroad is an encumbrance (Burk v. Hill, 48 Ind. 52; Beach v. Miller, 51 Ill. 206; Donnaher v. Mississippi, 8 Sm. & Marsh. 649. See Kipp v. New York & H. R. R., 67 N. Y. 227); and a turnpike (Brown v. Powell, 25 Pa. St. 229; Northern Turnpike Co. v. Smith, 15 Barb. 355).—REP.*

grantor, his heirs and assigns, to build a dock, wharf and pier in front of the mortgaged premises, to extend out into the waters of the sound three hundred feet beyond ordinary low-water mark. This license the grantor tendered to the grantee soon after it was obtained, and long before the latter obtained the lease from the state. It seems that the grantee built a pier under the license. He might have appropriated the whole of the land by building, under the license. There is no evidence of any deceit. The grantor supposed that he was conveying by the deed his right, as riparian owner, to the land between high and low-water marks. The grantee appears to have obtained the lease without notice to the grantor of any defect of title or of his intention to obtain the lease. His prayer to be dismissed the court cannot be granted, and in equity, under the circumstances, he should be left to his remedy at law.

I am not prepared to hold that, under the circumstances of this case, the grantor is to be held to have covenanted for absolute title in fee to the land between high and low-water marks. There was no deceit and no representation (except the description in the deed) that he had acquired the state's title. The fact that the grantee required, as a condition on which alone he would purchase, that the grantor should get a license for him to build a dock, is evidence that the latter knew that the conveyance was subject to the paramount, sovereign right of the state to the land between high and low-water marks. And, whether, where a riparian owner conveys his land, including in his grant the land between high and low-water marks, the grantor, in the absence of an express warranty to that effect, will be held to warrant against the notorious, paramount, sovereign right of the state, appears to me to admit of a question at least. There was in this case no actual eviction of the grantee. He simply chose rather to acquire the right of the state to the land by obtaining a lease than to obtain it by appropriation. He had already obtained title to part of the land by appropriation under his riparian

right, by building a pier, and he might have obtained title to the rest in the same manner under the wharf act.

There will be a decree for the complainant in accordance with these views.