JEHIEL HYMES, APPELLANT, *v.* WILLIAM W. ESTY AND EDWARD S. ESTY, EXECUTORS, ETC., RESPONDENTS.

*Covenant of warranty — not violated by the existence of a right in the public to use a portion of the land as a street.*

This action was brought by the plaintiff to recover damages for a breach of a covenant of warranty, contained in a deed of conveyance of a lot of ground from the defendants' testator to the plaintiff's grantor. It appeared on the trial that upon the plaintiff's attempting to inclose the whole of the lot conveyed to him, an action was brought against him by the village in which the lot was situated, in which it was decided that a part of the lot had, while owned by the defendants' testator, been granted by him to the public for a street, and that the same had been accepted and used by the village authorities, and that a judgment was entered in that action enjoining and restraining the plaintiff from obstructing the street.

*Held,* that as it was not claimed that the title to any portion of the lot had failed, but only that the village had opened to its full width a public street which had been laid out prior to the conveyance by the defendants' testator, no breach of the covenant of warranty justifying a recovery of damages, was shown.

APPEAL from an order, setting aside a verdict in favor of the plaintiff and granting a motion for a new trial, made upon a case at a Special Term.

May 1, 1869, defendants' testator conveyed a lot in the village of Ithaca, with a covenant of warranty, to Byron A. Todd, who, on August 29, 1876, conveyed the lot with a covenant of warranty to the plaintiff. In 1881 the plaintiff inclosed the whole lot, a part of which the village of Ithaca claimed had long been appropriated for a public street. An action was brought by the village against this plaintiff for a judgment restraining the plaintiff from inclosing or obstructing the street. The plaintiff in this action (defendant in the one brought by the village) gave the defend-

ants herein notice of the action brought by the village, and asked them to defend it, but they did not. The plaintiff in this action answered, denying the existence of the street. The action was tried at a Special Term, where it was found, as a fact, that prior to 1860, the then owner of the lot dedicated a part of it to the public for the purpose of a street, and that the village authorities accepted it, constructed, and for twenty-five years prior to 1881, maintained a public street on the land in dispute. Upon this finding a judgment was entered restraining the defendant in that action (the plaintiff in this) from obstructing the street, and for costs. This action is brought on the covenant of warranty, for the recovery of $250 damages for the eviction, and the expenses and for defending the former action. The case was tried before a jury and a verdict for $457.24 recovered. The defendants moved for a new trial on a case, which was granted at Special Term and an order entered, from which the plaintiff appeals.

*F. E. Tibbetts*, for the appellant.

*Almy & Bouton*, for the respondents.

FOLLETT, J.:

It is not claimed that the title to any part of the land conveyed has failed, but that the village of Ithaca has opened to its legal width and worked a public street which had been laid out prior to the conveyance by the defendants' testator, using for this purpose a strip of the land conveyed about twelve feet in width. The existence of a public street or highway, legally laid out and openly traveled, upon land conveyed with a covenant of warranty, does not, if the public have but an easement, amount to a breach of warranty. (*Whitbeck* v. *Cook*, 15 Johns, 483; *Wilson* v. *Cochran*, 46 Pa., 229.) If the soil of a street or highway is appropriated or used for other purposes, the owner may maintain trespass or ejectment against the intruder. (*Goodtitle* v. *Alker*, 1 Burr, 133; *Cortelyou* v. *Van Brundt*, 2 Johns., 357; *Jackson* v. *Hathaway* 15 id., 447.) In this State, opening a public street or highway to its legal width, or using it as a street, is not deemed a sufficient eviction to enable the owner to maintain an action against his grantor for the breach of a covenant of warranty. Whether the existence of a

public street or highway, is a breach of a covenant against incumbrances, is a question upon which the decisions of the various States do not agree. (3 Wash. R. P. [4th ed.], 460, 462.)

The sole foundation of this action is the judgment in the case of the village of Ithaca against this plaintiff, the judgment-roll in which case was introduced in evidence by the plaintiff, by which it appears that the land from which the plaintiff claims to have been evicted, was a legal public street at the date of the grant of defendants' testator to Todd, and also at the date of the grant of Todd to the plaintiff. The plaintiff cannot use this judgment as a verity so far as it tends to establish his cause of action, and then turn and treat it as a falsity, subject to be contradicted and overthrown by oral evidence in so far as the findings upon which it rests are found unfavorable. The judgment-roll which the plaintiff invokes to establish his cause of action, destroys it.

The order granting a new trial is affirmed, with costs to abide the event.

HARDIN, P. J., concurred; BOARDMAN, J., not voting.

Order granting new trial affirmed, with costs to abide the event.