## ETZ *vs.* DAILY.

Where an owner of land conveys the same to another, excepting the portions included in the highway, he may maintain an action of ejectment against the grantee, for encroachments upon the highway, or for an exclusive occupation of it, by the latter.

APPEAL by the plaintiff, from a judgment entered upon the report of a referee. The action was ejectment, brought for the recovery of two pieces of land lying in Preble, Cortland county. On the trial before the referee it appeared in evidence that on the 11th day of April, 1829, William Etz and Elizabeth his wife conveyed, by deed with warranty in fee, to Christian Etz (the plaintiff) and John Etz, a farm in Preble, which included the premises in question. On the 23d day of April, John Etz and his wife conveyed the same premises to the plaintiff; both of said deeds being properly acknowledged, but not recorded. On the 23d of January, 1838, Christian Etz and wife conveyed the same premises to the defendant, "excepting and reserving therefrom all of the land included in the above boundaries which is embraced in the highways," for which land, in-

Etz *v.* Daily.

cluded in the highways, this action was brought. From these facts the referee found as matter of law, that the plaintiff had a title in fee to the premises in question. He further found that since the defendant purchased the farm, he had constructed side-walks and planted shade trees along the side of the road adjoining his premises; that he had also on several occasions unloaded wood and lumber, and thrown the manure from his stables into the road adjoining his premises; that he had also on different occasions, and until within a short time prior to the commencement of this suit, claimed to own said road, and denied the plaintiff's title thereto. That the premises claimed were a public highway in the town of Preble, and had been used as such for a long period, and over forty years, and were still an open and traveled road. That the said road was so used when the defendant purchased of the plaintiff; and that the defendant had at no time moved his fences into or upon said road beyond where they were located by the plaintiff.

The referee found, as matter of law, that the plaintiff was not entitled to recover possession of the premises claimed, or any part thereof; and he directed judgment to be entered for the defendant, with costs.

*P. McDonald,* for the appellant.

*Sedgwick & Outwater,* for the respondent.

*By the Court,* GRAY, J. The facts in this case are, in short, these: The plaintiff conveyed to the defendant his farm in Preble, Cortland county, excepting therefrom the land embraced in its boundaries which at the date of the deed was included in the highway. Since the conveyance the defendant has dug up the road and run a water pipe across it; set out fruit and shade trees, and piled stone, lumber and manure within its boundaries, and used a portion of it for farming purposes, and claims, as against the plaintiff, the right to appropriate the highway to the uses described. The simple and only question presented is, whether ejectment can be maintained by the plain-

tiff for the recovery from the defendant of the premises thus used and occupied by him. That the freehold of the land in question is in the plaintiff, no one denies; but whether ejectment can be maintained by the owner of the freehold, while the highway exists, is a question upon which there is a diversity of opinion among judges. *Goodtitle* v. *Acker,* (1 *Bur.* 133, 145,) and 3 *Kent's Com.* 433, are authorities in favor of the right to maintain the action. And although the precise question here presented, has not been adjudged, in this state, it has been judicially asserted in several cases; by Platt, J., in *Jackson* v. *Huthaway,* (15 *John.* 453;) by Savage, Ch. J., in *Saunders* v. *Wilson,* (15 *Wend.* 339;) by Cowen, J., in *Pearsall* v. *Post,* (20 *id.* 126;) by Gridley, J., in *Burdick* v. *Goit,* (3 *Barb. S. C. R.* 468;) and by Hand, J., in the case of the *Northern Turnpike Company* v. *Smith,* (15 *id.* 355.) The only opinion against this doctrine, emanating from the bench in this state, is to be found in *Adams* v. *The Saratoga and Wash. R. R. Co.* (11 *Barb.* 414, 453–5.) The learned judge in that case follows the opinion of a distinguished judge in the case of *The City of Cincinnati* v. *The Lessee of White,* (6 *Peters' U. S. R.* 431, 441–2.) It is worthy of remark, that in each of these cases the opinions, although elaborate, were extra judicial. The only question in the case last referred to was, whether the land sought to be recovered had been dedicated to public use. The same question arose in the case of *Adams* v. *The Saratoga and Wash. R. R. Co.,* and there the question was whether it had been used for purposes other than that for which it was dedicated. There had been no appropriation, in either case, to private use, and hence the point here made was not up, and so one of the learned members of the court, upon being referred to the case, has since decided. (*Northern Turnpike Co.* v. *Smith,* 15 *Barb.* 355, 358.) Thus it will be seen that these opinions are of no greater weight, as authority, than those holding to the contrary doctrine, before referred to, and that in reality nothing has been decided in this state that tends in the slightest degree to impair the influence of opinions emanating from the highest legal intelligence, in favor of the right to

maintain this suit. The cases referred to in *Smith's Leading Cases*, 183, 184, show that wherever the question has arisen, except in Connecticut, the right to maintain ejectment has been established. The only objection ever urged against it is, that exclusive possession of the premises in dispute cannot be given to the plaintiff. But let this objection prevail and any erection short of a nuisance may be made on the road side in front of the owner's domicil, and the owner would be without complete redress, and the lawless occupant would hold it until the use of the whole road as a highway should be discontinued, unless the public authorities should see fit to remove him. This objection, it seems to me, is completely disposed of by Lord Mansfield, who held that the sheriff should deliver the possession of the defendant to the plaintiff, subject to the public easement. The conclusion to which I have arrived is, that the judgment entered on the report of the referee should be reversed, and a new trial ordered.

Judgment accordingly.

[MADISON GENERAL TERM, September 12, 1854. *Gray, Mason* and *Shankland*, Justices.]