John H. Van Brunt et al., Appellants, *v.* The Town of Flatbush et al., Respondents.

While under the provision of the Constitution (art. 3; § 16, Const.), declaring that "no private or local bill * * * shall embrace more than one subject, and that shall be expressed in its title," every provision of such a bill must be germane to and fairly connected with and tending to promote the subject expressed in the title ; when the subject is sufficiently expressed all matters fairly and reasonably connected with it, and all measures which will or may facilitate its accomplishment, may properly be incorporated in the act.

The subject expressed in the title of the act entitled, "An act in relation to local improvements in the town of Flatbush and the acquisition of the rights of a plank-road company in said town" (Chap. 161, Laws of 1889), properly embraces the building and improvement of highways and the construction of sewers, and the act is not made repugnant to said constitutional provision because it contains a provision authorizing the construction of a trunk sewer through the adjoining town of Flatlands, a necessary part of the sewage system provided for in the act.

But *held*, that under said act a sewer could not be constructed in an avenue in the town of Flatlands without the consent of the owners of the soil or the acquisition of the title of such owners in the mode provided by the act; and this, without regard to the question as to whether said avenue is to be treated as a country highway simply or as an urban street; that considered as such a street, as the sewer was in no way for the benefit of the owners of the lands in Flatlands through which it passes, or for the benefit of that town, but belongs to the town of Flatbush and is exclusively for the benefit of its inhabitants, the principles justifying the use of city streets for sewers did not apply.

*Van Brunt* v. *Town of Flatbush* (59 Hun, 192), reversed.

(Argued May 7, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1891, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Treadwell Cleveland* and *William V. Rowe* for appellants. Lands taken for public highways are not taken in fee, but an easement or right of passage alone vests in the public, the fee in the land remaining in the adjoining owners. As a consequence, a sewer is an additional burden imposed upon a highway, for which additional compensation must be made to the adjoining owners. (3 Kent's Comm. 432; *B., etc., G. L. Co.* v. *Calkins*, 62 N. Y. 386; *Washington Seminary* v. *P. P. & C. I. R. R. Co.*, 7 Hun, 655; 68 N. Y. 630; *In re Lexington Ave.*, 29 Hun, 303, 305; 92 N. Y. 629; *Milhau* v. *Sharp*, 15 Barb. 209; *Plant* v. *L. I. R. R. Co.*, 10 id. 28; 2 Dillon on Mun. Corp. § 688; *Robert* v. *Sadler*, 104 N. Y. 229; *People* v. *Kerr*, 27 id. 204.) The act (Chap. 161, Laws of 1889), under which alone the defendants can justify their acts, is clearly unconstitutional and void by reason of a violation of section 16 of article III of the Constitution of this state, which provides that "no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in its title." (*In re Van Antwerp*, 56 N. Y. 261; *In re Paul*, 94 id. 497; *Johnston* v. *Spicer*, 107 id. 185; *Astor* v. *A., etc., R. Co.*, 113 id. 109; *People* v. *Super, etc.*, 43 id. 10.) The findings of the learned judge at Special Term in respect to the burdens to which the plaintiffs' ownership of the fee in the highway may be subjected are wholly irreconcilable, and the appellants are, therefore, entitled to treat as controlling the finding most favorable to them. (*Redfield* v. *Redfield*, 110 N. Y. 671; *Wahl* v. *Barnum*, 116 id. 99.)

*William J. Gaynor* for respondents. The legislature itself recognized the urban character of this territory by negatively providing that the right to lay a sewer in any public street need not be acquired by eminent domain. (*Crooke* v. *F. W. Co.*, 29 Hun, 245 ; *Conklin* v. *O. & W. R. Co.*, 102 N. Y. 107.) The claim that the statute in question is void in that it is violative of the constitutional provision that " no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title," is untenable. (Const. of N. Y. art. III, § 16 ; *Ins. Co.* v. *City of New York*, 8 N. Y. 241 ; *Brewster* v. *City of Syracuse*, 19 id. 116 ; *People ex rel.* v. *Banks*, 67 id. 568–572 ; *People ex rel.* v. *Briggs*, 50 id. 553–562 ; *In re Mayer*, Id. 504 ; *In re Cameron*, Id. 502 ; *People ex rel.* v. *Dudley*, 58 id. 323 ; *In re Village of Middletown*, 82 id. 196 ; *In re Orphan Home*, 92 id. 116 ; *Commissioners* v. *Dwight*, 101 id. 9 ; *In re Knaust*, Id. 188–194 ; *Cole* v. *State*, 102 id. 48–58 ; *Astor* v. *Arcade R. Co.*, 113 id. 93, 109, 110 · 89 id. 396 ; Laws of 1888, chap. 312.)

Earl, J. The plaintiffs are owners of certain lands in the town of Flatlands, through which Flatbush avenue runs, and they own the fee in the avenue, subject to the public easements. The individual defendants are the street and sewer commisioners, appointed and acting under the act, chapter 161 of the Laws of 1889. They were proceeding to construct a sewer through the avenue, and the plaintiffs commenced this action to restrain them on the ground that they had no right to construct the same through their land in the avenue without their consent and without condemning their land in the avenue under the provisions of the act, and also on the ground that the act is unconstitutional in that the title thereof is insufficient, under section 16 of article 3 of the Constitution, which provides that "no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in its title."

The title of the act is "An act in relation to public improve-

ments in the town of Flatbush and the acquisition of the rights of a plank-road company in said town." Section 1 provides for the appointment of the five commissioners who are required to be citizens, residents and freeholders of the town. Section 2 provides for the purchase of rights, franchises and property within the town of Flatbush of the plank-road company, and authorizes them to change the lines of the avenue within the town, and to acquire lands for that purpose, and to fix a line on each side of the avenue as a court-yard line. It authorizes any person owning the adjacent property to use the portion of the avenue in the court-yard in front of his property as follows: By enclosing the same with open and ornamental fences, and by building open porches or stoops and having flowers and ornamental shrubbery and ornamental structures; and the commissioners are authorized to improve the avenue by grading, curbing, guttering, flagging and paving or macadamizing the same, to fix the width of the carriageway and sidewalk and to plant ornamental trees thereon. Section 4 is as follows: " Such commissioners shall devise and make a plan for building one or more trunk sewers to take and discharge the sewage matter in such town into the tide-water. And for the purpose of building sewers in such town to connect with the trunk sewer or sewers, they may divide the territory in said town into as many districts as they may see fit, and devise a plan for the building of sewers in the streets of each district, so as to connect with such trunk sewer or sewers; they shall make and file maps showing such plans. All sewers herein provided for, other than trunk sewers, and other than sewers built for surface drainage only, are to be designated on any map or plan which may be filed, as herein provided, and are for the purposes of this act, designated as ' lateral sewers.' " And in section 5 it is provided as follows: " And for the purpose of building such trunk and lateral sewers, they shall have the right to enter into or upon any street required for such sewers, and there to build and maintain the same. The right hereby given shall be deemed to include the right to acquire the necessary lands and rights to build the trunk and lateral

sewers and branches in the said town of Flatbush, and also to build so much of said trunk sewer as may be necessary in the town of Flatlands. In case they require any rights in any streets or other lands not belonging to the public, for the purpose of doing what is herein authorized as to said sewers, or for improving Flatbush avenue as hereinbefore provided, they may acquire such rights and property by purchase or by the proceedings and in the manner provided as to the acquisition of lands for the purposes of railways."

All the acts of the commissioners are to be performed in the town of Flatbush except the construction of the trunk sewer through the town of Flatlands to tide-water, and the plaintiffs claim that the construction of the sewer in the town of Flatlands is not expressed in the title.

The section of the Constitution invoked by the plaintiffs to destroy this act has given the courts much trouble. They have been able to formulate no general rule that will solve all the cases coming under this section. Whether the title of an act will stand the test of this constitutional requirement depends generally upon the peculiar provisions of the act. Every provision contained in a private or local bill must be germane to and fairly connected with and tending to promote the subject expressed in the title. As said in *Astor* v. *Arcade Railway Company* (113 N. Y. 93), "when the subject is expressed, all matters fairly and reasonably connected with it, and all measures which will or may facilitate its accomplishment, are proper to be incorporated in the act, and are germane to the title." The subject expressed in the title, "local improvements in the town of Flatbush," clearly embraces the building and improvement of highways and the construction of sewers. Sewers cannot be constructed in that town without an outlet, and the sewerage system would be imperfect and useless unless the sewage can be carried to some point where it can be discharged. Hence the act authorizes the construction of the trunk sewer through the town of Flatlands to tide-water. We may assume from the provisions of the act, and from the names of the two towns that the most convenient, if not the

only practical way to dispose of the sewage is to conduct it to tide-water.   The trunk sewer through Flatlands is in no way for the benefit of that town, nor in any proper sense a local improvement in that town.   It is a necessary part of the sewerage system of Flatbush to be built and maintained by that town, and at its expense.   The trunk sewer through Flatlands is such a necessary part of the sewerage system of Flatbush that it is in every sense germane to the subject expressed in the title of the act.   The improvement is in Flatbush, and this trunk sewer is a necessary part of the improvement.   The case of *The People ex rel.* v. *Briggs* (50 N. Y. 553), furnishes some authority for the conclusion we have reached on this branch of the case.   We, therefore, see no reason to condemn the act on constitutional grounds.

But we are of the opinion that the sewer cannot be constructed in Flatbush avenue in the town of Flatlands, without the consent of the owners of the soil, or, in the absence of such consent, without the acquisition of the title of such owners in the mode provided in the act.   The act contemplates that the commissioners may require rights in streets not belonging to the public, and provides for the condemnation of such rights.

In the ordinary country highways of the state, the public simply have an easement in the soil for traveling, and the maintenance of the highways for that purpose, and the soil in such highways cannot ordinarily be subjected to any other burden or easement without acquiring the right or consent of the owners of the soil.   (*Bloomfield Gas Light Co.* v. *Calkins,* 62 N. Y. 386; 2 Dillon's Municipal Corporations, §§ 688 *et seq.*)   It is not necessary now to determine under what circumstances, if ever, the land in such highways can be subjected to other burdens or easements than those growing out of, or connected with, the necessities of public travel.   The public easements, however, in the streets of cities and villages are more extensive.   In urban streets, the public convenience and health and the general welfare require that the soil thereof should be subjected to greater burdens.   They may be used

for the laying of water and gas-pipes and the construction of sewers, and some other purposes. The public generally have an interest in and are benefited by such improvements, and they are necessities of modern life.

It is alleged in the complaint in this action that Flatbush avenue in the town of Flatlands " is a country road or highway extending through a rural district; that all of the lands abutting thereon consist exclusively of farms and farming lands; that said lands and said town of Flatlands are sparsely settled, and that said lands are chiefly vacant lands used only for farming purposes," and this was upon the trial admitted to be true. By statements made upon the trial, which seem to have been taken as evidence, it appeared that from the southerly line of the town of Flatbush, for a distance of more than a mile to the village of Flatlands, there were along the avenue but twenty dwelling-houses, mostly upon farms. Upon this evidence and other facts placed before the trial judge, he found, in substance, that Flatbush avenue was an urban street, and not a mere country highway, and that the sewers could be built therein without the consent of the owners of the soil, and without compensation to them. We do not think it important now to determine upon the facts as they appear, whether this avenue should be treated as an urban street, with all the public easements therein appertaining to such a street, or whether it should be treated as a country highway, with easements only for public travel, because the result must be the same in either event.

If the legislature had authorized a system of sewerage in the town of Flatlands for the convenience, health and welfare of the inhabitants of that town, and this sewer had been projected with lateral sewers, with the privilege of the owners of adjacent lots to connect their lots therewith, then we are inclined to believe, for reasons we need not now state, that the character of the avenue and of the locality was such and the population is such that the sewer could be built in the avenue without the consent of the fee owners and without compensation to them. The immediate benefits and advan-

tages which they in common with the whole community might receive might be all the compensation to which they would be entitled. But, as above stated, this sewer in Flatlands is in no way for the benefit of the owners of the lands through which it is built, or for the benefit of the community in which they live. Such owners have no right to connect their lots with the sewer and can in no way use the same. The sewer belongs exclusively to the town of Flatbush, and is solely for the benefit of the inhabitants thereof. Under such circumstances what right have the commissioners to enter upon the lands of the plaintiffs and dig up their soil and place sewers therein without their consent and without compensation to them? We can perceive none, and we know of no principle of law and no authority which can justify them. Suppose, instead of running this trunk sewer south it had been projected northerly through the populous city of Brooklyn to tide-water in the bay of New York, and suppose the lot owners upon the streets through which it was to run owned the fee of the lands in the street, will it be claimed that it could be thus constructed for the sole benefit of Flatbush — in no way for the benefit of the city of Brooklyn, the lot owners having no right whatever to use the sewer and having no benefit therefrom, for the sole purpose of discharging the sewage of Flatbush into the ocean, without the consent of the fee owners or any compensation to them? In such a case the principles which justify the use of urban streets for sewers would have no application.

We are, therefore, of opinion that the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.