In the Matter of the Application of VINCENT CURRAN, Appellant, for a Peremptory Writ of Mandamus against JOHN GUILFOYLE, as Commissioner of Buildings for the Borough of Brooklyn, City of New York, Respondent.

*Municipality — extent to which land may be taken for a street — dedication of a court yard which excludes the right to build upon it.*

The power conferred by the Legislature upon a municipality to take land for street purposes includes the right to set apart, for the purpose of making the street ample in width, land which may not be used as a traveled way, and to embrace within the line of a street a strip of land forming part of a court yard connected with such street.

Where an owner of premises so appropriated holds title obtained under the foreclosure of a mortgage thereon, which recites "that whenever the northerly line of Fourth place is mentioned and referred to in the descriptions contained in the said several mortgages and said deed of conveyance, the northerly line of Fourth place, as established under the act of May 12, 1846, was intended, and the premises intended to be conveyed, etc., included within the points thereof, etc., the space fronting on said Fourth place, reserved and set apart for a court yard under the act of May 12, 1846," and a deed of the premises subsequently executed by the mortgagor, conveys the premises, together with the land in front of them, "subject, nevertheless, to the provisions, restrictions and reservations" of the above-mentioned act, the right of such owner to the use of the strip of land is limited and controlled by the dedication thereof in the deed and by the reservation contained in the mortgage, and he has no right to build upon such strip of land.

APPEAL by the petitioner, Vincent Curran, from an order of the Supreme Court, made at the Kings County Special Term, bearing date the 20th day of December, 1898, and entered in the office of the clerk of the county of Kings, denying his motion for a peremptory writ of mandamus directed to John Guilfoyle, as commissioner of buildings for the borough of Brooklyn, city of New York, commanding him to approve certain plans for the erection of a building upon that part of Fourth place, in the borough of Brooklyn, known as a court yard, and set apart as a part of Fourth place by chapter 248 of the Laws of 1846.

*John J. Leary,* for the appellant.

*William J. Carr* [ *William C. Courtney* with him on the brief], for the respondent.

HATCH, J. :

We do not find it necessary, in the disposition of this appeal, to make an examination of the question which controlled the learned court below in denying the motion, or to discuss the interesting question raised by the court in its opinion.

The rule is well settled and has been many times reiterated by this court, that to entitle a person to a writ of peremptory mandamus he must establish a clear legal right thereto, and the burden rests upon him. There can be no doubt that a municipality, in the exercise of the right of eminent domain, may take land for street purposes. There is no limit or restriction upon such right in respect of the width of the strip of land which shall be taken for such purpose, save only that in some sense the land taken may be regarded as useful or necessary for the purpose for which it is taken. Nor is such right limited to the number of feet necessary in a given case for the purpose of furnishing a passage for pedestrians and vehicles and other traffic. Land may also be taken in connection with such specific use for the purpose of furnishing ample space for the access of light and air, and also to beautify and adorn. A street may in part unite the two purposes, one to furnish a way for travel and the other as a park or public place. These elements have frequently been united, and there is scarcely a city in the State where roads, boulevards and avenues have not been opened for the purpose of travel, and in connection with such use lands have been acquired for the sole purpose of furnishing ample space, in order that the enjoyment of the street itself by the inhabitants of a municipality may thereby be enhanced.

So in the particular case we do not doubt the power of the Legislature to authorize the taking of land for the opening of this street, and also to set apart, as part thereof, for the purpose of making it ample in width, land which may not be required or used for the purposes of a traveled way. No right, therefore, rests in the relator to attack the authority of the municipality to take this land for these purposes. In the present case the line of the street which embraced the lands in front of the buildings erected thereon, so far

SECOND DEPARTMENT, FEBRUARY TERM, 1899. [Vol. 38.

as mere authority in the municipality to so appropriate them is concerned, furnishes no ground of complaint on the part of the appellant. We are, therefore, to consider in this view whether the appellant, as against the municipality, it assuming to exercise control over such land, shows any right thereto.

It appears from the record that one Nathaniel Griswold was the owner of these premises, and in 1858 he conveyed the same to Francis Cahill. In his deed of conveyance he inserted the following restriction : " Together with all the right, title and interest of the party of the first part to the land in front of said lot, piece or parcel of land on Clinton street and Fourth place, subject, nevertheless to the provisions, restrictions and reservations of an act of the Legislature of the State of New York," entitled " An Act to Alter the Commissioners' Map of the City of Brooklyn, and for Other Purposes," passed May 12, 1846. This reservation in effect constituted a dedication of such land to the use of the public, and the acts of the municipality in connection with this land, and the street itself, amounted to an acceptance of the same. (*Child* v. *Chappell,* 9 N. Y. 246; *People* v. *Underhill*, 144 id. 316; Washb. Ease. & Serv. [3d ed.] 208–211.) Prior to this dedication, Griswold had mortgaged the premises, which mortgage contained a recital " That whenever the northerly line of Fourth place is mentioned and referred to in the descriptions contained in the said several mortgages and said deed of conveyance, the northerly line of Fourth place as established under the act of May 12, 1846, was intended, and the premises intended to be conveyed, etc., included within the points thereof, etc., the space fronting on said Fourth place reserved and set apart for a court yard under the act of May 12, 1846." Subsequently this mortgage was foreclosed, and the title of the appellant comes through a referee's deed upon such foreclosure. Subsequent mesne owners have at all times recognized such strip of land as forming a part of the court yard connected with such street.

It is, therefore, clear that the right of the appellant to the use of this strip of land is limited and controlled by the dedication which was made thereof, and also by the reservation contained in the mortgage through which he claims title. This excludes any ground of right which the appellant possesses to build upon such strip of land. Other reasons might be assigned for a denial of the right

(*Tallmadge* v. *East River Bank*, 26 N. Y. 105), but the above is sufficient to support the action of the commissioner in his refusal to approve the plans for the building.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.