(107 App. Div. 517.)

## JAYNE v. CORTLAND WATERWORKS CO.

(Supreme Court, Appellate Division, Third Department.  September 13, 1905.)

1. VENDOR AND PURCHASER—INCUMBRANCES—RIGHTS OF PURCHASER.

Where plaintiff purchased land from parties who had covenanted to extend across the land a street which at the time of the conveyance extended partly through the land, and took with knowledge that defendant's water pipes were laid through that portion of the land through which the street was to be extended, plaintiff took no greater rights than were possessed by his grantors, and was not entitled to enjoin the maintenance of the pipes, unless his grantors could have recovered a similar judgment.

2. COVENANTS—RIGHT TO ENFORCE—SUBSEQUENT PURCHASERS.

Where a deed required the grantees to extend a street through a part of the land conveyed, which requirement was for the benefit of other property owned by the grantor, a subsequent grantee of such other property was entitled to enforce the covenant.

3. SAME—PERFORMANCE—CONTRACT VARYING REQUIREMENTS.

Where grantees of land covenanted to extend a street through part of the property, but were not required to extend it in a straight line, they had a legal right to make a contract with a subsequent grantee of a portion of the land which would be benefited by the performance of a covenant whereby such grantee agree to do certain grading in order to extend the street in a straight line.

4. EMINENT DOMAIN—USE OF STREET—LAYING WATER PIPES—NECESSITY OF COMPENSATION.

A water company has a right to lay its pipes through a public street without paying compensation to any one.

5. EQUITY—RIGHT TO RELIEF.

Plaintiff purchased land subject to a covenant to extend a street through a portion of it for the benefit of other property owned by the grantor of plaintiff's predecessors in title. A grantee of such predecessor in title maintained through the portion of plaintiff's land where the street should have been opened certain water pipes, which it would have had a right to maintain through the street had it been open. Held, that plaintiff had no standing to sue for an injunction to compel the removal of the pipes without performing the covenant to open the street.

6. ESTOPPEL—ACQUIESCENCE.

Plaintiff bought land subject to a covenant to open a street through a portion of it for the benefit of other land owned by the grantor. Afterwards a purchaser of a portion of such other land agreed to open the street and do certain grading, which plaintiff was not required to do, in consideration of the opportunity thus afforded to lay its water pipes in the street so opened. The grading was done and the street opened, but

it afterwards became out of repair and was abandoned as a street, in spite of which fact the water pipes were allowed to remain for a period of 15 years. *Held* that, as the owner of the pipes was not required to keep the street in repair, the acquiescence by plaintiff and his grantors in such grading as was done, and in the presence of the water pipes, deprived defendant of any right he might otherwise have had to enjoin the maintenance of the pipes.

Parker, P. J., dissenting.

Appeal from Special Term, Cortland County.

Action by James A. Jayne against the Cortland Waterworks Company. From a judgment for plaintiff (86 N. Y. Supp. 571), defendant appeals. Reversed.

Prior to July 23, 1883, the Norman Hubbard estate was the owner of lands now owned by the plaintiff and those now owned by the defendant. Upon that date a deed was given of certain lands to Albert Hoffman and Owen Brooks. These lands extended west to the line of what is now the defendant's property. From the eastern section of these lands, part way across the same, Prospect street was one of the streets of the then village of Cortland. In this deed of July 23d was this provision: "It is agreed that Prospect street shall be extended to the west bounds of the above-described premises, and that the same shall be opened as a public street on or before June 1, 1883. The parties of the second part agree to do the work upon said street to make the same passable for teams." This deed refers to a contract theretofore existing between the parties· to the deed. In that contract it was provided: "It is mutually agreed that Prospect street shall be extended to the west bounds of the above-described premises in a straight line, except the second parties may curve it at the west part if desired. * * * The parties of the second part are to do the work upon said street to make the same passable." Thereafter the grantee, Brooks, conveyed his interest in the land to Hoffman, and upon February 27, 1899, Hoffman conveyed to this plaintiff a piece of land off from the west portion of the land thus conveyed.

Upon July 7, 1884, this defendant purchased of the Norman Hubbard estate land directly west of the premises conveyed to Brooks and Hoffman, and of the part thereof which was subsequently conveyed to the plaintiff. Thereafter, and upon June 13, 1896, the defendant purchased of said estate further land to the north of the land purchased in 1884. These conveyances were the ordinary conveyances of an executor, with covenants against incumbrances of their creation, and including in the deed the hereditaments and appurtenances. Immediately thereafter the defendants, at large expense, constructed a reservoir and pumphouse upon the land thus purchased. East of said property on Prospect street, as it then existed in said village, was a water tower which belonged to the defendant company. To this tower the water is pumped from the reservoir and pumphouse, and from the tower it is distributed throughout the village for private purposes and for public purposes. Negotiations were had between the defendant and Brooks and Hoffman in reference to the opening of Prospect street. Upon the west of the property and opposite the waterworks' property was a steep hill. To avoid this hill was undoubtedly given the permission to Brooks and Hoffman to curve Prospect street when it should be extended to the west end of the property. The trial court has found that there was an understanding between Brooks and Hoffman and the defendant that Prospect street should be opened substantially due west, on condition that the waterworks company would do certain grading, cutting the hill down to make a passable road over the bluff, and through this cut or this road extended the defendant's pipes should be laid, conveying water from the pumphouse to the water tower situated east upon Prospect street as it then existed. It has been found, however, that this agreement was not sufficiently definite for the court to authorize specific performance, directing that the same be opened, and, further, that the defendant has not complied with its part of such understanding, as it is called by the trial court, and has not furnished a passable road, as was thereby required. Upon these findings the court has held that the de-

fendant simply had a parol license to pass over the land upon a condition which it has not fulfilled, and that the defendant was a trespasser upon the land, and should be required to remove its pipes. The judgment was stayed for 60 days, to the end that the petitioners might make such application as should be advisable towards condemnation of the. land in question. The defendant, however, did considerable grading and made a cut in the bluff, lowering the road about 10 feet, and laid its pipes under the surface of said roadway. The locus in quo where the pipes were laid was over land which the plaintiff subsequently purchased as aforesaid. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Dickinson & Duffey, for appellant.

James Doherty, for respondent.

SMITH, J. It seems clear that this plaintiff can claim no greater rights than could Brooks and Hoffman, his grantors. The trial court has found that he took his deed with knowledge of the position of the defendant's pipes as laid through the premises. In his chain of title appeared the deed from the Hubbard estate to Brooks and Hoffman, in which Brooks and Hoffman had covenanted to open Prospect street to the western boundary of the land purchased. This plaintiff, therefore, cannot recover, unless Brooks and Hoffman could recover the same judgment if the land had not been conveyed and the action brought by them. Tallmadge v. East River Bank, 26 N. Y. 105; Equitable Life Assurance Society v. Brennan, 148 N. Y. 672,43 N. E. 173; Pomeroy's Equitable Jurisprudence, § 611.

In the deed to Brooks and Hoffman was the covenant that they should extend Prospect street to the western boundary of the land, and do the work and labor therein. This covenant was for the benefit of the remaining land of the Hubbard estate. Part of that remaining land was thereafter purchased by the defendant, which thereby became entitled to the benefit of that covenant. The defendant could require Brooks and Hoffman, or their grantees, at any time to extend Prospect street to the west, pursuant to the covenant in the deed to them from the Hubbard estate. Tallmadge v. East River Bank, supra; Equitable Life Ass. Soc. v. Brennan, supra. It is probably true that the defendant could not originally have required the street to be extended in the exact line in which it was attempted to extend it and where the defendant's pipes were laid. Brooks and Hoffman had the right to curve to the north to circumvent the bluff. If the Hubbard estate or defendant had the legal right to require the extension of Prospect street in the place in which it was attempted to be extended, that extension was required to be made at the expense of Brooks and Hoffman, and there would have been no consideration for the agreement of the defendant to cut down and grade the street upon the bluff. Not being required, however, to extend Prospect street directly over the bluff, Brooks and Hoffman had the legal right to make a contract with the defendant whereby it should be so extended on condition that the defendant should do such grading as should be agreed upon. If the defend-

ant has failed to perform its part of the contract, and has failed to do
the grading required thereby, it may have forfeited its right to claim
the extension of Prospect street in that exact location.   It has never,
however, forfeited its right to claim the extension of Prospect street
to the western bounds of that property.   There never has been any
other extension of Prospect street.   There is a dugway, so called,
around the north of this bluff, by which Prospect street may be
reached.   That dugway has never been accepted by the city as a
street, and has never even been dedicated to the village or the city as
it now is.   It is simply a roadway used by Brooks and Hoffman for
their own convenience, subject to change at their will.

This situation is then presented: Brooks and Hoffman and their
grantee have failed to extend Prospect street to the western bound-
ary of their purchase as required in a covenant in their deed, to the
performance of which the defendant has the right.   If this street
were extended, the defendant would have the right, without paying
compensation to any one, to lay its pipes therein, connecting its
pump house with its water tower.   Witcher v. Holland Waterworks
Co., 66 Hun, 619, 20 N. Y. Supp. 560; Van Brunt v. Town of Flat-
bush, 128 N. Y. 55, 27 N. E. 973; Eels v. A. T. & T. Co., 143 N. Y.
142, 38 N. E. 202, 25 L. R. A. 640; McDevitt v. People's Nat. Gas
Co., 160 Pa. 373, 374, 28 Atl. 948.   Notwithstanding this failure, they
have come into equity and asked the removal of defendant's pipes
from the location originally consented to as the extension of Pros-
pect street, upon the ground that defendant has not done as
much work as it contracted to do in making a passable road over
the bluff.   Assuming, for the argument, that the defendant has sub-
stantially failed to perform the amount of work required to be done
in grading down this bluff, we think that neither Brooks nor Hoff-
man nor this plaintiff can, with good conscience, appeal to equity
to compel the defendant to remove its pipes until they themselves
have performed the duty which they owe to the defendant and
provide a street in which the pipes can be laid without compensation
to any landowner.   Plaintiff does not come into court with clean
hands.   He can ask no equity until his grantors, whose places he has
taken, have done equity in providing a street which shall be a prop-
er extension of Prospect street to the west bounds of the purchase
of Brooks and Hoffman.

If these views be sound, the judgment must be reversed upon the
ground that the plaintiff is not in a position to ask for equity.   It is
perhaps unnecessary, then, to consider any other ground upon which
the judgment has been here challenged by the appellant.   A careful
examination of the evidence makes clear the fact that the location
in which these pipes are placed was the location agreed upon for the
extension of this street.   Just how much work was to be done by the
defendant in the performance of its contract is not so clear.   After
the passageway through the bluff was once cut down upon the re-
quirement of Brooks and Hoffman, it was still further lowered.
Some work was done thereupon by Brooks and Hoffman them-
selves.   The passage was used as a street to a limited extent for a

number of years. There is no claim that the defendant was under contract to keep this street in a passable condition. It thereafter became out of repair, and the fair inference is that partly from this fact and partly from the difficult grade the street was thereafter abandoned as a street. The defendant's pipes have remained therein from 1884 to 1899, the date of plaintiff's purchase, with the right practically unchallenged. With the obligation on the part of Brooks and Hoffman to extend that street without compensation, with the line of extension agreed upon, with no other extension opened in fulfillment of the covenant of Brooks and Hoffman, with the existence of defendant's line as laid therein for 15 years, and with the right practically unchallenged, it may well be doubted whether equity will at this late day intervene to compel a removal of those pipes. It is a well-settled principle of equitable administration that equity aids the vigilant, not those who slumber on their rights. In Pomeroy's Equitable Jurisprudence, in section 418, this principle is cited as a rule controlling the administration of remedies:

"The principle embodied in this maxim operates throughout the entire remedial portion of equity jurisprudence, but rather as furnishing a most important rule controlling and restraining the courts in the administration of all kinds of relief, than as being the source of any particular and distinctive doctrines of the jurisprudence. Indeed, in some of its applications it may properly be regarded as a special form of the yet more general principle, 'he who seeks equity must do equity.' The principle thus used as a practical rule, controlling and restricting the award of reliefs, is designed to promote diligence on the part of suitors, to discourage laches by making it a bar to relief, and to prevent the enforcement of stale demands of all kinds, wholly independent of any statutory periods of limitation. It is invoked for this purpose in suits for injunction, suits to obtain remedy against fraud, and in all classes of cases, except, perhaps, those brought to enforce a trust against an express trustee."

In section 419, the words of an English chancellor are quoted:

"A court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands, where the party has slept upon his rights and acquiesced for a great length of time. Nothing can call forth this court into activity, but conscience, good faith, and reasonable diligence."

If, then, after 15 years of acquiescence upon the part of the plaintiff and his grantors, the court can in any event be moved to give its extraordinary injunctive remedy, it should be slow to act where the sole ground upon which relief is asked is the failure to fully perform a grading contract, which, upon the findings of the court itself, was too indefinite to be specifically enforced. If it be clear as to just what work the defendant was required to do in the grading of that road, it would seem, in view of all the circumstances of the case, that the injunction should be denied upon condition that that grading be now done, rather than that the defendant should be commanded to remove its pipes. If it be not clear as to the extent to which the street was to be graded, acquiescence for 15 years in such performance as was attempted should forfeit to Brooks and Hoffman and their grantees the right to call for the aid of a court

of equity to remove defendant's pipes. See Adams v. Patrick, 30 Vt. 516.

The judgment should therefore be reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event. All concur (HOUGHTON, J., in result), except PARKER, P. J., who dissents.