## LINTON v. COUPE.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

1. MUNICIPAL CORPORATIONS (§ 682*)—STREETS—RIGHTS OF ABUTTING OWNERS—GRANT OF RIGHT TO USE STREET.

Though the entire street belongs to the public, it is not necessary that the entire width of the street be prepared for public travel; and hence the use of 5 feet on each side of a street 60 feet in width for courtyards is a street use, and not a diversion thereof; and a city could by ordinance authorize the same.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1467; Dec. Dig. § 682.*]

2. MUNICIPAL CORPORATIONS (§ 665*)—COURTYARDS IN STREET—INCLOSURE WITH FENCE.

The erection of a fence by an abutter about a courtyard in front of his house, when the yard is authorized by public authorities, is not a violation of the easement in the street if designed to protect the yard, and not for its exclusive possession, and the owner of the fee in the street cannot complain.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1441; Dec. Dig. § 665.*]

3. MUNICIPAL CORPORATIONS (§ 667*)—STREETS—BUILDING OVER LINE.

An abutter may not lawfully build towers on the side of his building over the line of the street.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1443, 1494–1496; Dec. Dig. § 667.*]

4. MUNICIPAL CORPORATIONS (§ 667*)—STREETS—BUILDING OVER LINE.

In absence of an ordinance permitting it, the building of steps over the line of a street is unauthorized.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1443, 1494–1496; Dec. Dig. § 667.*]

5. DEDICATION (§ 53*)—LAND FOR STREET—EFFECT AS TO TITLE.

By dedication of land for a street, the owner only parts with the right of possession for street purposes, and not with his title.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 96; Dec. Dig. § 53.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**6. DEDICATION (§ 62*)—OWNER OF FEE IN STREET—RIGHT OF EJECTMENT.**

    The owner of the fee in a street may maintain ejectment against one who appropriates to his own use any part of the land dedicated to street purposes.

    [Ed. Note.—For other cases, see Dedication, Cent. Dig. § 121; Dec. Dig. § 62.*]

Submission of controversy on agreed statement of facts between Edward F. Linton, plaintiff, and Leontine C. Coupe, defendant. Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and THOMAS, JJ.

Charles S. Taber, for plaintiff.

Wilmot Y. Hallock, for defendant.

JENKS, J. This is a submitted controversy as authorized by section 1279 of the Code of Civil Procedure. The plaintiff made a map of his tract of land in the city of Brooklyn, and laid out lots thereon by the proposed streets of the city map. Thereafter he conveyed to the defendant's predecessor in title a lot on the northwesterly corner of Ridgewood and Shepherd avenues with reference to his map, but he did not convey any part of either avenue. These avenues were dedicated, and for many years have been used and are now used, as public streets. Each is 60 feet wide, of which width 30 feet is used for the roadway. An ordinance of the city of Brooklyn permitted in certain districts, including that wherein this property is situate, the use of 5 feet on each side of the street for courtyards, and such use is general in the residence districts of the borough of Brooklyn. In 1906 the defendant as owner built upon this lot, which was 160 by 40 feet in dimensions, a three-storied frame building. The structure covered the width of the lot and 75 feet of the length thereof. The easterly side of the building includes four towers or bays, running from foundation to roof, which extend beyond the building line into Shepherd avenue for about 2½ feet. Of said towers two are of an average width of about 9½ feet, and each covers an area of about 24 square feet, and two have an average width of 6 feet, and each covers an area of about 15 square feet. The defendant also built solid stone or concrete steps from his entrance on Shepherd avenue to the sidewalk. The steps are about 6 feet 10 inches in width, and extend into said avenue a distance of 6 feet 2 inches from the said building line. The defendant also set up in a stone or concrete footing an iron picket fence, 4 feet in height, in both of said avenues, about 5 feet from the south and east sides of his land. This fence includes a space used by the defendant as a courtyard, and incloses about 625 square feet of land, lying within said avenues. The parties agree that this space is "in the exclusive possession of the defendant, who claims the right to such premises."

The plaintiff contends that he is the owner of the land within the lines of these avenues, subject only to the public use thereof for street purposes, and to easements in favor of the adjoining owners for light, air, and access; that the defendant has wrongfully taken possession of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the property, and withholds the same from plaintiff, and from the uses to which plaintiff has dedicated it. And the parties agree that, if it is decided that plaintiff is the owner in fee of the land embraced within the lines of said streets adjacent to defendant's property, and is entitled to the possession thereof, subject only to the said easements and to the use for street purposes, and that defendant is wrongfully in possession thereof, then plaintiff shall be awarded judgment directing defendant to surrender and give up to plaintiff the land so wrongfully withheld, subject to such easements and rights, or that plaintiff have such other relief, whether legal or equitable, as the court may decree just and appropriate; and if it shall be decided that plaintiff is not the owner of the lands, or is not entitled to the possession thereof, subject to such easements and rights of the public as are now in the exclusive possession of the defendant, then defendant shall have judgment dismissing the complaint.

Although it is commonly said that the entire street belongs from side to side to the public, this saying does not mean necessarily that the way to be afforded for public travel in a city street must reach from side to side. The Matter of Clinton Avenue, 57 App. Div. 166, 68 N. Y. Supp. 196, affirmed 167 N. Y. 624, 60 N. E. 1108, involved the question of the use of the part of that street for courtyard purposes, and it was then decided that the courtyard purposes were street uses. This court, per Woodward, J., said:

"It is not necessary that every part of all highways should be used for the passage of vehicles and pedestrians. It is proper that some regard should be had for the æsthetic tastes, the comfort, health, and convenience of the public, and, if the Legislature had enacted that Clinton avenue should be increased in width to the extent provided in this act, and had provided that a strip in the center of the highway, 40 feet wide, should be devoted to trees and flowers, as is done in many of our cities, it would hardly have been questioned that this constituted a public use in the same sense that a park preserve is generally recognized as a public use. Shoemaker v. United States, 147 U. S. 282, 297, 13 Sup. Ct. 361, 37 L. Ed. 170, and authorities there cited. Because the Legislature has preferred to leave this breathing space upon the sides of the street, subject to the limited use of the owners of the fee, does not change its essential character, and the improvement is undoubtedly much less expensive than the one which is suggested as within the legislative discretion."

In Matter of Curran, 38 App. Div. 82, 55 N. Y. Supp. 1018, when the question presented was that of courtyard uses, this court held that the power conferred upon the municipality by the Legislature to take land for street purposes is not limited to the number of feet necessary for a passage for pedestrians' travel and for traffic. The court, per Hatch, J., said:

"Land may also be taken in connection with such specific use for the purpose of furnishing ample space for the access of light and air, and also to beautify and adorn. A street may in part unite the two purposes, one to furnish a way for travel and the other as a park or public place. These elements have frequently been united, and there is scarcely a city in the state where roads, boulevards, and avenues have not been opened for the purpose of travel, and, in connection with such use, lands have been acquired for the sole purpose of furnishing ample space, in order that the enjoyment of the street itself by the inhabitants of a municipality may thereby be enhanced."

If, under the authority to take land for a street, the municipality can set off a part thereof for courtyards, in that such use is a street purpose, I see no reason why, when land is dedicated for a street, that the donee cannot devote a part thereof for courtyards without diversion of the use. See, too, McDonald v. City of St. Paul, 82 Minn. 309, 84 N. W. 1022, 83 Am. St. Rep. 428, citing Dougherty v. Trustees, 159 N. Y. 154, 53 N. E. 799, and McArthur v. City of Saginaw, 58 Mich. 357, 25 N. W. 313, 55 Am. Rep. 687. Of course, due regard must be had to the requirements present and forecast for the public travel, which is the paramount consideration. I think, then, that the city could by ordinance authorize the use of 5 feet on either side of this street for courtyards; for of the 60 feet of width, 30 feet remain for the roadway, and 10 feet on each side remain for the sidewalks. I think that the erection of a fence by an abutter about a courtyard in front of his house, when the courtyard is authorized by the public authorities, need not be taken as a violation of the easement for street purposes; for a fence may be regarded as appurtenant to the courtyard for its protection and preservation. A courtyard is not intended for use as a way by the traveler in the street. And a fence need not interfere with any other street purpose. If there can be neither fence nor other suitable set-off, the courtyard remains but a possible way usable at any time at the whim or wantonness of the wayfarer. See Burnet v. Bagg, 67 Barb. 167. If, then, the abutter set up a fence designed but to protect the courtyard, he does not thereby divert necessarily the use of the courtyard. His act is not in invitum to the public easement, and, if not, the owner of the fee cannot complain.

There is no analogy between the erection of a fence about a courtyard and the erection of a fence in that part of a street devoted to travel or to traffic. Of course, if an abutter proceed to separate a courtyard from the rest of the street by wall or other structure not merely designed to protect the courtyard, but to hem in the land as if it were his own domain, then a different question would arise, and the appropriation would fall within the condemnation of the judgment in City of New York v. Rice, infra. I think, however, that the inclosure in this instance is not to be considered as any attempt to appropriate the land within the courtyard to the impairment of the easement for street purposes. It is true that the agreed statement of facts reads that the land within the fences "is in the exclusive possession of the defendant, who claims the right to such possession," but that paragraph must be read with the paragraph immediately preceding, which recites that the city of Brooklyn by ordinance has set apart such land for courtyards, and has permitted inclosure by the erection of fences. The "exclusive possession," therefore, means only such exclusion as follows the erection of the fence, and the claim of exclusive possession means only the right to set up the fence and to use the land for the purposes of a courtyard. Such possession is exclusive so far as the fence protects the courtyard and shuts out those who might misuse it, but there is no warrant whatever for the contention that the defendant thereby asserts any title to the land. I think that under the decision in the Court of Appeals in City of New York v. Rice, 91 N. E. 283, the defendant could not lawfully build the towers in question, in that they are placed

over the building line of the public street.   We are not apprised by this record of any ordinance that authorizes the building of the steps so that they extend over the building line, and therefore we are compelled in this case to decide that there is no warrant for such construction.

By his dedication the plaintiff only parted with the right of possession for street purposes, and not with his title to the land.   City of Cohoes v. D. & H. C. Co., 134 N. Y. 401, 31 N. E. 887, and authorities cited; Beardsley v. Cook, 143 N. Y. 149, 38 N. E. 109.   There is, of course, a marked difference between the extent of the easement in country highways and city streets that affords a user for street purposes.   The extent of an easement for the public use is much greater in a city street than in a country highway.   Dillon on Municipal Corporations (4th Ed.) § 633, note 2; also section 688 et seq.; Van Brunt v. Town of Flatbush, 128 N. Y. 50–54, 27 N. E. 973; Eels v. A. T. & T. Co., 143 N. Y. 142, 38 N. E. 202, 25 L. R. A. 640.   Elliott on Roads and Streets (section 407) says that in a city the easement is so broad and exclusive as to leave very little, if any, private right of use in the owner of the servient estate.   But I think that it is the settled law of this state that the owner of the fee has the right of ejectment against him who appropriates to his own use any part of the land dedicated to street purposes.   Etz v. Daily, 20 Barb. 32.   This case, which seems directly in point, is cited with approval as declaring the rule in Uline v. N. Y. C. & H. R. R. Co., 101 N. Y. 98–123, 4 N. E. 536, 54 Am. Rep. 661, and in Reformed Church v. Schoolcraft, 65 N. Y. 134–151.   I think, then, that we must conclude that the defendant has appropriated so much of the land as is covered by his towers and his steps, and that the plaintiff is entitled to judgment that must be executed by delivering the possession of such land to the plaintiff, subject to the public easement, however, for street purposes.   Etz v. Daily, supra; Reformed Church v. Schoolcraft, supra.   It is not for us to consider what possible use this judgment may serve.

Judgment for the plaintiff, with costs, in accord with the terms of the submission.

HIRSCHBERG, P. J., and WOODWARD, J., concur.   BURR, J., concurs in a separate memorandum.   THOMAS, J., concurs save as to the steps.

BURR, J.   I concur, although at present I fail to see how the plaintiff is to reach that portion of the highway upon which the towers are erected without passing over the courtyard, which it may be that he has no right to do.   It is for him to determine, however, how he is going to be benefited by this judgment.